THE STATE OF OHIO, APPELLEE, *v.* DEMPSEY, APPELLANT.

[Cite as State v. Dempsey (1970), 22 Ohio St. 2d 219.]

(No. 69-337—Decided June 3, 1970.)

*Mr. James V. Barbuto*, prosecuting attorney, and *Mr. R. Douglas Paige*, for appellee.

*Messrs. Yelsky, Eisen & Singer, Mr. Leonard W. Yelsky*, for appellant.

SCHNEIDER, J. Defendant challenges the search conducted when he arrived at the stationhouse after his arrest for assaulting a police officer. The evidence indicates that that search was made as a part of the booking procedure. The purpose was to remove Dempsey's valuables and personal effects and to secure them.

A reasonably conducted routine stationhouse search, without a warrant, of a person who is being booked immediately prior to his entering a cell, for the purpose of inventorying and safekeeping his personal effects, is not unreasonable. Such procedure protects the prisoner and his valuables from destruction or loss during his incarceration. It also protects the state and its officers and agents by preventing weapons and contraband from entering the jail. This reasonable police procedure is not violative of any constitutional rights. See *Cotton* v. *United States* (9th Cir. 1967), 371 F. 2d 385; *Baskerville* v. *United States* (10th Cir. 1955), 227 F. 2d 454; *People* v. *Ross* (1967), 67 Cal. 2d 64, 429 P. 2d 606; *State* v. *Mark* (1966), 46 N. J. 262, 278, 216 A. 2d 377; *State* v. *Stevens* (1965), 26 Wis. 2d 451, 132 N. W. 2d 502; *Yarbrough* v. *State* (Okla. Crim. App. 1969), 457 P. 2d 826; *People* v. *Rogers* (1966), 241 Cal. App. 2d 384, 50 Cal. Rptr. 559; *People* v. *Reed* (1962), 202 Cal. App. 2d 575, 20 Cal. Rptr. 911; *People* v. *Woods* (1956), 139 Cal. App. 2d 515, 293 P. 2d 901.

Defendant also challenges his conviction because the amount of marijuana which he possessed was minute. R. C. 3719.09, provides, in pertinent part: "No person . . . shall have in his possession . . . any narcotic drug.[2] . . . Possession by a person . . . of a narcotic drug . . . is presumptive evidence of intent to violate this section."

R. C. 3719.15, excepts small quantities of specific narcotic drugs from the "possession" statute. It does not except small amounts of marijuana (Cannabis). Prior to October 13, 1961, the predecessor statute did except cannabis of a quantity of less than one-half of a grain. (126

[2]Marijuana (Cannabis Sativa L) is a "narcotic drug." See R. C. 3719.01 (L) (N).

Ohio Laws 178, 187.) The repeal of the former statute and the adoption of the present one, persuades us that the General Assembly intended to proscribe the possession of any amount of marijuana, however minute. See, also, *State* v. *McDonald* (1966), 92 N. J. Sup. 448, 224 A. 2d 18.

However, such conclusion, alone, does not sustain the conviction in this case. A necessary element of the crime of possession of marijuana, which the state must prove, is that the defendant had sciener, or criminal intent. The element of sciener in a narcotics possession case consists of two branches; that the defendant knew that the substance was in his possession, and that he knew the substance was a narcotic. *State* v. *Faircloth* (1967), 181 Neb. 333, 337-38, 148 N. W. 2d 187; *State* v. *Giddings* (1960), 67 N. M. 87, 89, 352 P. 2d 1003. *See* Annotation, 91 A. L. R. 2d 810, section 5. The state's burden to present evidence in support of both branches of the element of sciener is removed by the presumption granted in its favor by R. C. 3719.09. The trial judge instructed the jury that the state should have the benefit of that presumption.

By purporting to make possession "presumptive evidence of intent to violate this section," it is clear that the statute is designed to make unlawful only *intentional* possession of a narcotic.

While the presumption of intent, contained in R. C. 3719.09 may be lawfully applied under some circumstances, such a presumption is unreasonable unless a rational connection exists between the proven fact (possession) and the presumed facts (knowledgeable possession of a narcotic). Otherwise, the defendant is denied due process of law. *Leary* v. *United States* (1969), 395 U. S. 6, 33-37; *Tot* v. *United States* (1943), 319 U. S. 463, 466-467. See, also, *State, ex rel. Herbert,* v. *Whims* (1941), 68 Ohio App. 39, 46; *State* v. *Smith* (Muni. Ct. 1964), 8 Ohio Misc. 148, 150; *State* v. *Schultz* (Muni. Ct. 1964), 1 Ohio Misc. 81. Under this standard, statutes which presume sciener from the proven fact of physical possession of a narcotic have been held valid under circumstances in which the necessary ra-

tional connection is apparent. See *Yee Hem* v. *United States* (1925), 268 U. S. 178.

The only narcotic drug found in this case was a few minute particles which were mixed among the lint and debris of a jacket pocket. The proven fact of physical possession, in this instance, does not have a sufficient rational connection to the presumed fact that Dempsey *knew* that he possessed the particles to permit the use of a presumption as a substitute for proof of knowledgeable possession of a narcotic beyond a reasonable doubt.

Common experience does not tend to indicate that one knows what is in the linty debris of his pockets. It is just as likely, if not more so, that one has no idea what is hidden there.

The presumption permitted by R. C. 3719.09, therefore, should not have been applied to defendant in this case, and the trial court's instructions to the jury concerning the same were prejudicially erroneous.

In the writer's view, a new trial is warranted on the basis of the evidence of another similar act committed by defendant, from which the jury might reasonably infer scienter. However, a majority of the court disagrees.

The judgment of the Court of Appeals is reversed and final judgment is entered for the defendant.

*Judgment reversed.*

O'NEILL, C. J., LEACH, DUNCAN and CORRIGAN, JJ., concur.*

HERBERT, J., dissents from the entry of final judgment for defendant.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

---

*CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.