THE STATE OF OHIO, APPELLEE, *v.* BREHM, APPELLANT.

(No. 70-67—Decided July 21, 1971.)

*Mr. George C. Smith*, prosecuting attorney, and *Mr. David H. Bodiker*, for appellee.

*Messrs. Tyack, Scott & Colley* and *Mr. Thomas M. Tyack*, for appellant.

*Per Curiam.* On December 18, 1967, defendant-appellant was arrested by Columbus police officers at 42 East Frambes Avenue. The premises were entered pursuant to a search warrant which was issued upon an affidavit which stated:

"Before me * * * personally appeared Hummel G. Keim, who being duly sworn according to law, deposes and says that he has good cause to believe and does believe that marijuana, amphetamines, barbiturate, LSD and other related materials are being kept in a certain building or room known as 42 Frambes Avenue and 44 Frambes Avenue, (double) in said city of Columbus, Ohio for the purpose, use and sale.

"The facts upon which such belief is based are as follows: An informant who has purchased drugs at this address and has seen drugs used and sold at this address."

Defendant was one of 13 persons on the premises who were both searched and arrested. In the hallway, one subject was grinding marijuana in a food grinder, while in the next room there were several other people, including defendant.

240

During the search of defendant police officers found a package of cigarette papers protruding slightly from his vest pocket, and upon examination it was noted what appeared to be flakes of marijuana between the sheets of paper.

Preliminary hearing was held on March 28, 1968. Defendant was bound over to the Grand Jury and indicted on June 21, 1968, for one count of possession of narcotics under R. C. 3719.09, and he was arraigned on July 12, 1968, at which time he pleaded not guilty.

On October 30, 1968, defendant filed a motion to suppress all the evidence obtained by means of an alleged illegal search of the premises at 42-44 East Frambes Avenue. The motion was heard on January 10, 1969, and the court held that the magistrate had probable cause on which to issue the search warrant and overruled the motion on March 4, 1969.

Defendant waived a jury trial and the case was tried to the court on April 16, 1969. Over objection, the court admitted in evidence the cigarette paper and flakes of marijuana.

The defendant was found guilty on the charge of possession of marijuana and placed on two years' probation on May 7, 1969. The judgment of conviction was appealed to the Franklin County Court of Appeals and on December 16, 1969, the Court of Appeals, in a two-to-one decision, affirmed the judgment of the Common Pleas Court. The Court of Appeals held that the search warrant was a valid warrant issued upon sufficient probable cause, as provided by the affidavit signed by the arresting officer. The court also found that the statutory presumption of intent under R. C. 3719.09 applied, even on the admittedly small amount of marijuana found upon the defendant.

Defendant's motion for leave to appeal from the Court of Appeals to the Supreme Court was allowed on September 24, 1970.

There are two principal issues presented in this case.

1. Whether the statutory presumption of intent under R. C. 3719.09 applies where the quantity possessed consists of a few minute particles of marijuana between sheets of cigarette papers.

2. Whether the search warrant was a valid warrant issued upon sufficient probable cause.

Two recent decisions of this court deal with both of these issues and will be followed.

1. The amount of marijuana present in this case does not warrant a finding of guilty knowledge as to the presence of marijuana at the time the defendant was arrested. The statutory presumption of intent under R. C. 3719.09 does not apply under the facts in this case, under authority of *State* v. *Dempsey* (1970), 22 Ohio St. 2d 219.

2. The affidavit is defective. There are no underlying facts from which the affiant officer could have concluded that the informant was credible or the information reliable. Defendant's conviction was based solely upon evidence acquired under an invalid search warrant. The conviction is therefore void under authority of *State* v. *Joseph* (1971), 25 Ohio St. 2d 95.

The judgment of the Court of Appeals is reversed and final judgment is entered for the defendant.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, DUNCAN, CORRIGAN and KRENZLER, JJ., concur.

HERBERT and WHITESIDE, JJ., concur in judgment only.

WHITESIDE, J., of the Tenth Appellate District, sitting for STERN, J.

KRENZLER, J., of the Eighth Appellate District, sitting for LEACH, J.