THE STATE OF OHIO, APPELLANT, *v.*
DANIELS, APPELLEE.

(No. C-850046—Decided
October 30, 1985.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer* and *Theodore Froncek,* for appellant.
*Peter L. Outcalt,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Court of Common Pleas.

Defendant-appellee, Scott L. Daniels, was physically arrested on October 14, 1984 on an outstanding traffic warrant. During the ensuing search of his automobile and person, contraband was discovered leading to his indictment for violating the provisions of R.C. 2925.11. The indictment charged that the defendant "knowingly did obtain, or possess, or use, a schedule II controlled substance, to-wit: cocaine * * *." A plea of not guilty was entered on November 16 which was followed on November 28 by a motion to dismiss the indictment on the theory that possession of a minute, unusable quantity of a controlled substance is not a criminal offense. The motion was heard on December 17, 1984; argument followed the stipulation of facts upon which the motion was to be determined. The court below granted the motion to dismiss stating, in compliance with the provisions of Crim. R. 12(E), its determination of fact that in the instant case four milligrams of cocaine is not a minimally usable amount. In its timely appeal as of right, the state of Ohio assigns the dismissal as the single error. For the reasons hereinafter set forth we find the assignment of error to be meritorious.

From the stipulated facts the common pleas jurist was advised that a vial containing a white substance (later analyzed and found to be cocaine) was in the appellee's possession; the quantity of cocaine in the vial at the time of the analysis was four milligrams; the appellee purchased the cocaine from a person identified only as "Mr. T"; that the vial, a straw, and a razor blade were all contained in a suede pouch found on appellee's person; and that this is the first time in three years that appellee has used cocaine. The court then heard the argument of counsel and thereafter granted the motion to dismiss which had been filed by appellee. The court reasoned that for a person to be charged with possession of a controlled substance there must "be some amount of controlled substance." Acknowledging that he did not know what that amount is, the judge below suggested that it had to be determined on a case-by-case basis. He then concluded that to support a charge of possession of a controlled substance, as a matter of law, the accused must be in possession of a

"minimal, usable amount." In the case on review he ruled, expressly, that four milligrams of cocaine does not constitute a minimally usable amount.

Appellee relies on two cases in support of the judgment of the court below. We find neither case pertinent on the facts of the instant case. Appellee acknowledges that those two cases (*State* v. *Dempsey* [1970], 22 Ohio St. 2d 219 [51 O.O.2d 306], and *State* v. *Brehm* [1971], 27 Ohio St. 2d 239 [56 O.O.2d 145], were decided under a statute which then contained a presumption of knowledge for anyone possessing a controlled substance. In both *Dempsey* and *Brehm* the Supreme Court refused to apply the statutory presumption of scienter when the contraband in possession of the defendants is a minute quantity, reasoning that an insignificant amount of contraband mixed with other lawful substances does not support the application of the statutory presumption to prove knowledge, an essential element of the offense. We have read both *Dempsey* and *Brehm* and we fail to find at any place therein use of the phrase "minimally usable amount" as a condition of criminal liability.

R.C. 2925.11, proscribing drug abuse, which is the charge against appellee herein, does not establish any minimum prohibited amount of a controlled substance. It does require that there be a knowing obtaining, possession or use of a controlled substance. The stipulated facts in the case on review expressly show that appellee knowingly obtained and possessed cocaine. It is unnecessary to infer guilty knowledge. The common pleas court erred in dismissing the indictment; the assignment of error is well made.

The judgment appealed from is reversed and the cause is remanded to the Hamilton County Court of Common Pleas for further proceedings.

*Judgment reversed
and cause remanded.*

BLACK, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.