### State v. Jones
### Case No. C-880620
### Hamilton County, (1st)
### Decided January 10, 1990
[Cite as 1 AOA 32]

*Arthur M. Ney, Jr., Prosecuting Attorney, David L. Prem, Esq., and Theodore J. Froncek, Esq., 420 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Plaintiff-Appellee,*

*Robert R. Hastings, Jr., Esq., 22 West Ninth Street, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*PER CURIAM.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, Ohio, the briefs and the arguments of counsel.

On October 23, 1987, police officers executed a search warrant at the home of defendant-appellant Steven Jones. During the search they found $967 in defendant's pocket and a black leather pouch containing $5000, two gold chains and a small amount of white powder later identified as cocaine. Defendant was charged with drug abuse (possession of cocaine) in violation of R.C. 2925.11, with a prior drug-abuse offense. He was found guilty as charged after a bench trial, and this appeal followed.

Defendant's first three assignments of error are that (1) the finding of guilt is against the weight of the evidence, (2) the trial court erred in overruling his motion for acquittal, and (3) the trial court erred in overruling his motion for a new trial based on insufficient evidence. Defendant argues these assignments of error together and raises the single issue whether, in view of the small amount of cocaine found in the search, the state presented sufficient proof that he knowingly possessed the cocaine.

We have held, in both *State v. Daniels* (1985), 26 Ohio App. 3d 101, 498 N.E.2d 227, and *State v. Wright* (Oct. 9, 1985), Hamilton App. No. C-840864, unreported, that under R.C. 2925.11 there is no given minimum amount of a particular controlled substance which must be present in order for a defendant to be found guilty of possession of that substance. The statute does, however, require that there be a *knowing* possession of the substance. For a person to act knowingly, he must be aware that his conduct will probably cause a certain result, or that certain circumstances probably exist. Whether a defendant was aware that he probably possessed a controlled substance is a question of fact to be determined by the trier of fact based on the totality of the circumstances. *Wright, supra,* slip op. at 3.

We find that the factual circumstances of this case made it reasonable for the trial court, as the trier of fact, to infer that defendant knowingly possessed cocaine. When the police officers went to defendant's house to execute the search warrant, one officer was stationed at a front window. Just after the other officers knocked on the door and announced themselves, the officer at the window saw defendant run from the bedroom, into the bathroom and then toward the back door where another officer was standing. The officers then forced open the bolted front door, entered and noticed that the toilet had just been flushed because the tank was still refilling. In an open dresser drawer in the bedroom, the officers found an open black pouch containing $5000 and a small amount of cocaine in the bottom. The $5000 was divided by rubber band into $100 increments, which amount, one of the officers testified, is the normal street value of one gram of cocaine. Defendant gave a statement to one of the officers, denying that he had flushed the toilet and explaining that he did not answer the door because he had been sleeping for two hours, even though the officers had seen him arrive at the house ten minutes before they knocked on the door.

These facts constitute sufficient evidence from which reasonable minds could reach differ-

ent conclusions as to whether each essential element of the offense of possession, including defendant's guilty knowledge, was proved beyond a reasonable doubt. See *State v. Bridgeman* (1978), 55 Ohio St. 2d 261, 381 N.E.2d 184, syllabus.

Furthermore, having reviewed the entire record, we determine that the trial court did not lose its way or create a manifest miscarriage of justice. See *State v. Martin* (1983), 20 Ohio App. 3d 172, 485 N.E.2d 717. Accordingly, we overrule the first three assignments of error.

In the fourth assignment of error, defendant states that the trial court erred in overruling his motion to suppress evidence, arguing that the search warrant did not contain sufficient information to establish probable cause. The affidavit upon which the warrant was issued states that a confidential informant who had provided reliable information in the past recently observed quantities of cocaine within the defendant's residence. The affidavit further provides a description of defendant and states that the informant had observed defendant selling the cocaine to others who came to the residence in the preceding seventy-two hours. Based upon the totality of the circumstances, we conclude that the affidavit provided the issuing judge with substantial basis for determining the existence of probable cause, and for determining that the search warrant was properly issued. See *Illinois v. Gates* (1983), 462 U.S. 213, 103 S. Ct. 2317; *State v. Wiebking* (May 22, 1985), Hamilton App. No. C-840578, unreported.

Therefore, we overrule the fourth assignment of error and we affirm the judgement of the trial court.

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ.