The STATE of Ohio, Appellee,

v.

LOWE, Appellant.

[Cite as *State v. Lowe* (1993), 86 Ohio App.3d 749.]

Court of Appeals of Ohio,
Highland County.

No. 798.

Decided March 18, 1993.

*Rocky A. Coss,* Highland County Prosecuting Attorney, for appellee.

*James D. Hapner,* for appellant.

PETER B. ABELE, Judge.

This is an appeal from a judgment of conviction and sentence entered by the Highland County Court of Common Pleas. The court found Hayes Lowe III, defendant below and appellant herein, guilty of drug abuse in violation of R.C. 2925.11(A).

Appellant assigns the following errors:

First Assignment of Error:

"The essential element of drug abuse was not established."

Second Assignment of Error:

"If the defendant had committed drug abuse there was no proof said offense occurred in Highland County, Ohio."

This court, after consideration of counsels' briefs and oral arguments, *sua sponte* raised the following assignment of error:

Third Assignment of Error:

"The state failed to present sufficient evidence to prove appellant possessed the requisite mental intent to commit the crime."[1]

On August 19, 1991, the parties submitted the following stipulated facts to the trial court:

"Now comes the State of Ohio and the defendant and hereby stipulate to the Court that the facts upon which adjudication of defendant's guilt or innocence is to be made are as follows: On March 21, 1991, the defendant was operating a motor vehicle southbound on State Route 73 near Diven Road, which is approximately two miles north of the City of Hillsboro, in Highland County, Ohio.

"The defendant was observed driving left of center by Deputy Ron Ward of the Highland County Sheriff's Department on two occasions. Deputy Ward stopped the defendant, detected a moderate amount of alcohol on the defendant's breath, administered a series of field sobriety tests and determined that the defendant was under the influence of alcohol and/or drugs. He was placed under arrest and was then transported to the Highland County Sheriff's Department by Deputy Ward. An intoxilyzer test was administered to measure the concentration of alcohol in the defendant's breath. The result of this was .07%. Ward administered a second intoxilyzer test, which had essentially the same results. Ward then asked the defendant to consent to a urine test, which the defendant did. Urine was drawn from the defendant and sent to the Ohio Department of Health for analysis. A copy of the test results is attached hereto as 'State's Exhibit One'. The results show that the defendant did have cocaine in his urine at the time the specimen was obtained from defendant, which was 3:30 a.m. on March 21, 1991.

"Defendant stipulates that the urine sample was properly sealed, handled and analyzed, and waives any claims of defects in the chain of custody and test procedures and results."

---

1. This court *sua sponte* raised this assignment of error relating to appellant's mental intent to commit the crime. We ordered the parties to submit briefs on this issue. Both appellant and appellee timely submitted briefs.

No other facts were adduced during the proceeding below. The trial court found appellant guilty of drug abuse.[2] The court wrote in part:

"Defendant was found to have cocaine in his body and no suggestion is advanced that it came into his system except by voluntary ingestion. Therefore, the Court finds the defendant 'used' cocaine in the sense intended to be proscribed by Sec. 2925.11(A)."

Appellant filed a timely notice of appeal.

I

In the brief appellant filed in response to the assignment of error we raised, appellant contends that, based upon the stipulated facts submitted by the parties, appellee cannot prove beyond a reasonable doubt that he *knowingly* used cocaine. Conversely, appellee argues the presence of cocaine metabolites in appellant's urine permits the inference that appellant knowingly obtained, possessed, or used cocaine.

When considering a claim regarding the sufficiency of the evidence, our inquiry must focus upon whether the evidence could reasonably support a finding of guilt beyond a reasonable doubt. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *State v. Davis* (1988), 49 Ohio App.3d 109, 550 N.E.2d 966; *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; *State v. Seiber* (1990), 56 Ohio St.3d 4, 564 N.E.2d 408; *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717. In *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503, the court wrote:

"[A]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Eley, supra* [ (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132]. * * * Moreover, the relevant inquiry does not involve how the appellate court might interpret the evidence. Rather, the inquiry is, after viewing the evidence in the light most favorable to

---

**2.** R.C. 2925.11(A) provides:

"No person shall knowingly obtain, possess, or use a controlled substance."
R.C. 2901.22(B) provides:
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

█ It is a fundamental tenet of criminal law that the prosecution must establish each and every element of a criminal statute or ordinance beyond a reasonable doubt. See *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368; *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144; *State v. Hohman* (1983), 14 Ohio App.3d 142, 14 OBR 158, 470 N.E.2d 162; *State v. Meece* (Sept. 10, 1990), Warren App. No. CA89–12–073, unreported, 1990 WL 129461; R.C. 2901.05(A). Direct evidence is not essential, however, to prove an element of a crime. An element of an offense may be established by either circumstantial or direct evidence or both. *State v. Durr* (1991), 58 Ohio St.3d 86, 568 N.E.2d 674; *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 514 N.E.2d 394.

█ When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, overruling *State v. Kulig* (1974), 37 Ohio St.2d 157, 66 O.O.2d 351, 309 N.E.2d 897. In *State v. Waddy* (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819, 825, the court commented that circumstantial and direct evidence are now subject to the same standard of proof. The determination of a reasonable inference based upon the evidence adduced at trial is a matter for the trier of fact. The factfinder must weigh all the evidence, including both direct and circumstantial evidence, against the standard of proof beyond a reasonable doubt.

█ The issue presented in the case at bar is whether the presence of cocaine metabolites in a person's urine constitutes sufficient circumstantial evidence to prove beyond a reasonable doubt that the person knowingly obtained, possessed, or used a controlled substance in violation of R.C. 2925.11(A). Our research finds no Ohio decisions which have addressed this issue. Courts in other jurisdictions have, however, confronted cases with facts similar to the facts appearing in the instant case.

In those cases, the courts have found that knowledge cannot be inferred solely based upon evidence of drugs in a person's urine or blood. In *State v. Flinchpaugh* (1983), 232 Kan. 831, 659 P.2d 208, the defendant was in an automobile collision and as a result was taken to a hospital where she consented to the testing of her blood. Analysis of her blood showed cocaine metabolites. The court held that insufficient evidence existed to establish guilt beyond a reasonable doubt. The court wrote:

"The absence of proof to evince knowledgeable possession is the key. The drug might have been injected involuntarily, or introduced by artifice, into the defendant's system." *Id.,* 232 Kan. at 835, 659 P.2d at 212.

In *State v. Lewis* (Minn.App.1986), 394 N.W.2d 212, a case with almost identical facts to those in *Flinchpaugh,* the court observed:

"The State has offered no evidence in this case to prove Lewis' 'conscious possession of the substance' other than mere presence in his system; it has not offered proof to show where, how, when, or under what circumstances the controlled substance was introduced into Lewis' body. The morphine could have been introduced by trick or guile, or injected involuntarily." *Id.* at 215, citing *Flinchpaugh, supra.*

The court stated that evidence of a controlled substance in a person's urine specimen is not "sufficient circumstantial evidence to prove prior possession beyond a reasonable doubt absent probative corroborating evidence of actual physical possession." *Lewis,* 394 N.W.2d at 217.

Recently, in *State v. Vorm* (Ind.App.1991), 570 N.E.2d 109, the defendant's urine sample taken during his work release program tested positive for cocaine. The court, citing *Flinchpaugh* and *Lewis, supra,* stated that "the mere presence of cocaine metabolites in a blood or urine sample, without additional evidence, does not constitute prima facie evidence of knowing and voluntary possession of cocaine." *Vorm,* 570 N.E.2d at 111.

In an Ohio case, the court reviewed a conviction under R.C. 2925.11(A) based solely on evidence of a minute amount of cocaine on drug paraphernalia found on premises owned by the defendant. See *State v. Susser* (Dec. 5, 1990), Montgomery App. No. CA 11787, unreported, 1990 WL 197958. In *Susser,* the court held that a conviction for drug abuse "cannot stand as a matter of law where [appellant] allegedly has 'knowingly' possessed such a minute quantity of cocaine, to-wit, .001 grams that its very presence must be confirmed by extraordinary microscopic analysis." *Id.* at 23.

As in that case, the evidence presented in the case at bar could only be discernible by scientific analysis. In refusing to infer the necessary mental element, the *Susser* court followed two Ohio Supreme Court cases that refused to apply the statutory presumption of intent contained in R.C. 3719.09, a forerunner of R.C. 2925.11(A), to cases in which minute amounts of the illegal drug were found. See *State v. Brehm* (1971), 27 Ohio St.2d 239, 56 O.O.2d 145, 272 N.E.2d 122; *State v. Dempsey* (1970), 22 Ohio St.2d 219, 51 O.O.2d 306, 259 N.E.2d 745.

The *Susser* court distinguished *State v. Wright* (Oct. 9, 1985), Hamilton App. No. C–840864, unreported, 1985 WL 11499, by pointing out that in *Wright* the evidence presented to the finder of fact included other evidence of illegal drug

use. The court found the finder of fact could reasonably infer from the totality of the circumstances that the defendant knowingly used or possessed the drug. In the case at bar, there was no evidence of current drug use other than the cocaine found in appellant's urine.

In a case similar to the case at bar, the defendant's urine sample tested positive for cocaine. See *State v. Napper* (Nov. 27, 1991), Marion App. No. 9–91–11, unreported, 1991 WL 256521. The defendant in *Napper* argued that insufficient evidence existed to prove: (1) she knowingly obtained, possessed, or used cocaine in violation of R.C. 2925.11; and (2) she used cocaine in Marion County, Ohio. The Third District Court of Appeals disagreed. The court wrote:

"We find from a review of the record that the testimony of Ricky Young, the availability of Appellant, *the cocaine and paraphernalia in her residence, and the analysis of her urine along with the testimony regarding the time that cocaine metabolites remain in the urine* (T. 11/27/90, p. 321), amounted to sufficient evidence before the jury from which it could reasonably infer beyond a reasonable doubt that at least one element of the offense occurred in Marion County.

" * * *

"Appellant was convicted of drug abuse in violation of R.C. 2925.11, in that she did, 'at Marion County, Ohio, during the period from January 9, 1990 through February 9, 1990, did knowingly obtain, possess, or use a controlled substance, to wit: cocaine, a schedule II controlled substance, a felony of the fourth degree.'

"In treating the other assignments of error raised by Appellant, the Court has reviewed the record and we find that there was sufficient evidence from which the jury could find beyond a reasonable doubt Appellant's guilt and this assignment is overruled." (Emphasis added.)

Thus, the *Napper* court found that the presence of cocaine metabolites in the defendant's urine coupled with additional evidence of illegal drug use constituted sufficient evidence that the defendant knowingly used cocaine in Marion County. In the case at bar, we note the lack of any evidence other than the cocaine metabolites in appellant's urine.

■ We agree with appellee that *Jenks, supra,* requires that when the state relies on circumstantial evidence to prove an essential element of the offense charged, the state need not disprove all reasonable theories of innocence in order to support a conviction. See *Jenks,* paragraph one of the syllabus. In the case *sub judice,* however, we find, after a review of the stipulated facts in this case and the inferences reasonably drawn therefrom in the light most favorable to the prosecution, that any reasonable trier of fact could not have found beyond a reasonable doubt that appellant knowingly used or possessed cocaine. We cannot find based solely upon the presence of cocaine metabolites in appellant's urine

that he knowingly used or possessed cocaine. The stipulated facts are devoid of evidence regarding appellant's mental intent to commit the crime. This offense is not a strict liability offense.[3] The prosecution presented no evidence whatsoever to prove where, how, when, or under what circumstances the controlled substance was introduced into appellant's body. The stipulated facts do not permit the inference that appellant knowingly used or possessed cocaine. See *Lewis*, 394 N.W.2d at 215. We note no evidence exists regarding traces of the drug in an area under appellant's control, the presence of drug paraphernalia, or incriminating statements made by appellant.

We readily agree with appellee that in most instances it is very unlikely that a person ingests a controlled substance by accident, by mistake, or by involuntary means. Nevertheless, the fact that a person's urine contains cocaine metabolites does not, standing alone, constitute sufficient evidence that the person *knowingly* ingested the controlled substance.

Accordingly, based upon the foregoing reasons, we sustain the third assignment of error. Inasmuch as our holding on the third assignment of error is dispositive of the case and renders the remaining assignments of error moot, we will not address appellant's first and second assignments of error. See App.R. 12(A)(1)(c).

*Judgment reversed.*

STEPHENSON and GREY, JJ., concur.

---

3. R.C. 2901.21 provides in pertinent part:

"(A) Except as provided in division (B) of this section, a person is not guilty of an offense unless both of the following apply:

"(1) His liability is based on conduct which includes either a voluntary act, or an omission to perform an act or duty which he is capable of performing;

"(2) He has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense;

"(B) When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."