OPINION
Appellant, Willie E. Williams, is appealing from a June 22, 1999 judgment entry of the Ashtabula County Court of Common Pleas.
On May 22, 1998, members of the Ashtabula City Police Department executed a search warrant at 907 West 43rd Street. At that time, appellant and Ms. Flora Gibson ("Gibson") resided at that address. When officers arrived at the home, they were unable to enter one room, because the door was locked. Detective Alan Altonen ("Detective Altonen") testified that officers knocked on the door for approximately five minutes before appellant, who was inside the locked room at the time, opened the door and admitted the police officers. Appellant was escorted downstairs. The police officers then began a search of the premises. The room in which appellant had been found contained a locked metal cabinet. The police officers requested that he open the cabinet. Appellant, who had the key to the cabinet in his possession, complied with the request. Detective Altonen searched the cabinet and found crack cocaine.
Appellant was arrested and subsequently indicted on September 2, 1998, for knowingly obtaining, possessing, or using crack cocaine, in violation of R.C. 2925.11, a felony of the fifth degree. A jury trial was conducted on May 18, 1999, and appellant was found guilty of possession of cocaine.[1] In a June 22, 1999 judgment entry, appellant was sentenced to six months in prison.
Appellant has filed a timely appeal of the June 22, 1999 judgment entry, and makes the following assignments of error:
 "[1.] The trial court erred in its ruling that the evidence produced at the trial was legally sufficient to support the conviction."
 "[2.] [Appellant's] conviction for possession of cocaine is against the manifest weight of the evidence."
 With respect to the first assignment of error, appellant argues that Gibson and the police officers had access to the cabinet where the cocaine was found; therefore, there was insufficient evidence to prove that appellant knowingly possessed the cocaine. We disagree.
The test for sufficiency of the evidence in a criminal case is "`"* * * whether after viewing the probative evidence and the inference drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt.'" State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 4, 1994 WL 738452. (Citations omitted.) Statev. Schaffer (1998), 127 Ohio App.3d 501, 503.
In the case at hand, the state had to prove that appellant knowingly possessed cocaine. It could do so through either circumstantial or direct evidence. State v. Lowe (1993), 86 Ohio App.3d 749, 753. In our view, there was certainly credible, competent evidence that appellant knowingly possessed cocaine. At trial, appellant admitted the following: (1) the room in which the cocaine was found was his bedroom; (2) the cabinet in which the cocaine was found was his; (3) all of the items contained in the cabinet were his, with the exception of the drug-related paraphernalia; (4) he had the key to the cabinet in his possession; and (5) he unlocked the cabinet for the police officers. In light of appellant's own testimony, in addition to that of the officers present at the scene, we conclude that after viewing the probative evidence in the light most favorable to the prosecution, a rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. Therefore, appellant's first assignment of error lacks merit.
With respect to his second assignment of error, appellant contends that if he had known that the cocaine was in his metal cabinet, he had ample time to destroy the evidence before the police searched his room; therefore, a finding that he knowingly possessed cocaine was against the manifest weight of the evidence. Again, we disagree.
In determining whether a verdict is against the manifest weight of the evidence, "we review the entire record, weigh all the evidence and reasonable inferences stemming therefrom, and consider the credibility of the witnesses." State v. Beaver (1997), 119 Ohio App.3d 385, 398;Schlee, supra, unreported, at 5. The trier of the facts has the primary responsibility for determining the "weight to be given the evidence and the credibility of the witnesses * * *." State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. After we conduct our review of the record, if we determine that the jury lost its way, we reverse the conviction. Beaver at 398.
In the instant case, there was overwhelming evidence that appellant knowingly possessed cocaine. The cocaine was located in a locked cabinet, in appellant's bedroom, to which appellant possessed the key. Furthermore, appellant failed, at trial and on appeal, to offer a plausible explanation as to how the cocaine made its way into a locked cabinet, if it was not placed there by appellant. We conclude, therefore, that the trial court's verdict was not against the manifest weight of the evidence and that appellant's second assignment of error lacks merit.
For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
 _____________________________________ JUDGE DONALD R. FORD
O'NEILL, P.J., CHRISTLEY, J., concur.
[1] At trial, subsequent to a Crim.R. 29 motion by appellant, the court granted a directed verdict as to the allegation of cocaine use.