[Cite as *State v. Hailey*, 2011-Ohio-2761.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-287 |
| DANA A. HAILEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Stark County Court of
                                   Common Pleas Case No. 2010-CR-1046


JUDGMENT:                          AFFIRMED

DATE OF JUDGMENT ENTRY:            May 31, 2011


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

JOHN D. FERRERO 0018590                    GEORGE URBAN 0062725
Stark County Prosecutor                    116 Cleveland Ave. N.W.
110 Central Plaza, South, Ste. 510         808 Courtyard Centre
Canton, Ohio 44702                         Canton, Ohio 44702

RENEE M. WATSON 0072906
Assistant Prosecuting Attorney
(Counsel of Record)

*Delaney, J.*

{¶1} Defendant-Appellant, Dana Hailey, appeals the judgment of the Stark County Court of Common Pleas, convicting him of one count of possession of cocaine, a felony of the fifth degree. The State of Ohio is Plaintiff-Appellee.

{¶2} On July 13, 2010, Officer Mark Diels of the Canton Police Department, was working in the "Newton Zone" of Canton, which is known as an area of town where many drug and prostitution crimes occur. At approximately 1:00 a.m., he was driving his cruiser when he observed Appellant walking down the middle of the street with another male and a female. Officer Diels and his partner, Officer Harless, advised the three people to move out of the street and to walk on the sidewalk.

{¶3} As the officers drove by the three people, Officer Diels looked in the rearview mirror and noticed that the three had not complied with their instructions, so the officers turned around and came back. At that time, he observed Appellant drinking a beer. Appellant set the beer bottle down in the road.

{¶4} The officers stopped the cruiser and started to get out of the car. Officer Diels told Appellant to "come here" and Appellant walked away. He watched Appellant walk to the east side of Newton Street, by a tree, and stated that it appeared that Appellant threw an object behind the tree. Officer Diels stated he was approximately ten to fifteen feet away from Appellant when Appellant threw the object.

{¶5} At that time, Officer Harless was making contact with the other individuals. When Officer Diels saw Appellant throw the object, the officer immediately secured him and Officer Diels went to the location where he saw Appellant throw the object. Officer Diels collected the object, which he observed to be crack cocaine, and placed it in a

plastic bag. He stated there were no other objects behind the tree. The officers then conducted a search of Appellant's person and recovered a razor blade from his hat with residue on it that also appeared to be cocaine.

{¶6} The razor blade and the baggie of suspected crack cocaine were submitted to the Canton-Stark County Crime Lab, where they were tested by Jay Spencer, who determined that the drugs in the baggie tested positive as crack cocaine and weighed .118 grams and that the residue on the razor blade also tested positive for cocaine.

{¶7} Appellant was then indicted on one count of possession of crack cocaine, in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the fifth degree. Appellant pled not guilty to the charge and exercised his right to a trial by jury on September 21, 2010. After deliberating for 23 minutes, the jury convicted Appellant as charged. The trial court sentenced Appellant to ten months in prison.

{¶8} Appellant now challenges his conviction and raises one Assignment of Error:

{¶9} "I. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

{¶10} In Appellant's sole assignment of error, he challenges his conviction, arguing that it is against the manifest weight of the evidence and that it is not supported by sufficient evidence.

{¶11} When reviewing a claim of sufficiency of the evidence, an appellate court's role is to examine the evidence admitted at trial to determine whether such evidence, if

believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Contrary to a manifest weight argument, a sufficiency analysis raises a question of law and does not allow the court to weigh the evidence. *State v. Martin* (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Thompkins,* 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

{¶12} Conversely, when analyzing a manifest weight claim, this Court sits as a "thirteenth juror" and in reviewing the entire record, "weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 548, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175.

{¶13} In the present case, the State had to prove that Appellant knowingly possessed cocaine or a compound or mixture containing cocaine. R.C. 2925.11(A)(C)(4)(a).

{¶14} Ohio Revised Code 2925.01(K) defines "possess" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be actual or constructive. *State v. Dempsey* (1970), 22 Ohio St.2d 219, 259 N.E.2d 745. Actual possession entails ownership and

physical control. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession. *State v. Wolery*, 46 Ohio St.2d 316, 348 N.E.2d 351.

{¶15} Dominion and control may be proven by circumstantial evidence alone. *State v. Taylor* (1997), 78 Ohio St.3d 15, 676 N.E.2d 82. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession. *State v. Barr* (1993), 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248; *Wolery*, supra.

{¶16} In the case at bar, viewing the evidence presented in a light most favorable to the prosecution, the testimony of Officer Diels and Mr. Spencer supports the determination by the jury that Appellant did, in fact, constructively possess crack cocaine at the time of his arrest on July 13, 2010. A review of the record demonstrates that the State established that Appellant exercised both dominion and control over the crack cocaine as he threw it behind the tree. He actually possessed the razor blade on which cocaine was discovered.

{¶17} Since the weight to be given the evidence and the credibility of the witnesses are primarily matters for the finder of fact to determine and that it is not the function of the appellate court to substitute its judgment for that of the fact-finder, *State v. Grant* (1993), 67 Ohio St.3d 465, 620 N.E.2d 50; *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 616 N.E.2d 909, this Court cannot now say that the underlying jury verdict is against the manifest weight of the evidence. A review of the record demonstrates that the jury did not lose its way and create a manifest miscarriage of justice by finding

Appellant guilty of drug possession in violation of R.C. 2925.11. Appellant's conviction was supported by substantial credible evidence upon which the trier of fact could reasonably conclude that Appellant was guilty of the indicted offense. *State v. Powell* (1993), 87 Ohio App.3d 157, 168, 621 N.E.2d 1328.

{¶18} Appellant's assignment of error is not well taken and is overruled.

{¶19} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J. concur.

Hoffman, J. concurs separately.

---

HON. PATRICIA A. DELANEY

---

HON. W. SCOTT GWIN

---

HON. WILLIAM B. HOFFMAN

Hoffman, J., concurring

{¶20} I concur in the majority's disposition of Appellant's sole assignment of error. I write separately only to note I believe the facts as recited in the majority opinion support a finding Appellant had actual possession of the crack cocaine, not merely constructive possession.[1]

_____
HON. WILLIAM B. HOFFMAN

_____

[1] Having abandoned the crack cocaine by throwing it away, I am not convinced Appellant was in constructive possession of it "at the time of his arrest" as found by the majority (Majority Opinion at ¶16).

[Cite as *State v. Hailey*, 2011-Ohio-2761.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DANA A. HAILEY | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-287 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN