Hoover, J., dissenting:
 

 {¶ 49} I respectfully dissent from the majority opinion because I believe that Appellant's conviction is supported by insufficient evidence.
 

 {¶ 50} Appellant was charged with drug trafficking under R.C. 2925.03(A)(2). This section of the drug trafficking statute requires some evidence that the offender actually prepares a drug for shipment, or ships a drug, or transports a drug, or delivers a drug, or prepares for distribution a drug, or actually distributes a controlled substance,
 
 when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.
 
 (Emphasis added.)
 
 Compare
 
 R.C. 2925.03(A)(2)
 
 with
 
 2925.03(A)(1) ("No person shall knowingly * * *[s]ell or offer to sell a controlled substance or a controlled substance analog.").
 

 {¶ 51} "An element of an offense may be established by either circumstantial or direct evidence or both."
 
 State v. Lowe
 
 ,
 
 86 Ohio App.3d 749
 
 , 753,
 
 621 N.E.2d 1244
 
 (4th Dist.1993). "In general, circumstantial evidence and direct evidence possess the same probative value."
 
 State v. Husted
 
 , 4th Dist. Ross No. 14CA3447,
 
 23 N.E.3d 253
 
 ,
 
 2014-Ohio-4978
 
 , ¶ 15, citing
 
 State v. Jenks
 
 ,
 
 61 Ohio St.3d 259
 
 ,
 
 574 N.E.2d 492
 
 (1991), paragraph one of the syllabus.
 

 {¶ 52} "Circumstantial evidence has been defined as testimony not grounded on actual personal knowledge or observation of the facts in controversy, but of other facts from which inferences are drawn, showing indirectly the facts sought to be established."
 
 State v. Payne
 
 , 11th Dist. Ashtabula No. 2014-A-0001,
 
 2014-Ohio-4304
 
 , ¶ 22,
 
 2014 WL 4825334
 
 , citing
 
 State v. Nicely
 
 ,
 
 39 Ohio St.3d 147
 
 , 150,
 
 529 N.E.2d 1236
 
 (1988). " 'An 'inference' is a conclusion which, by means of data founded upon common experience, natural reason
 draws from facts which are proven.' "
 
 State v. Nevius
 
 ,
 
 147 Ohio St. 263
 
 , 274,
 
 71 N.E.2d 258
 
 (1947), quoting
 
 Ensel v. Lumber Ins. Co. of New York
 
 ,
 
 88 Ohio St. 269
 
 ,
 
 102 N.E. 955
 
 (1913), paragraph thirteen of the syllabus.
 

 {¶ 53} "A trier of fact may not draw '[a]n inference based * * * entirely upon another inference, unsupported by
 
 any additional fact
 
 or another inference from other facts[.]' "
 
 State v. Cowans
 
 ,
 
 87 Ohio St.3d 68
 
 , 78,
 
 717 N.E.2d 298
 
 (1999), quoting
 
 Hurt v. Charles J. Rogers Transp. Co.
 
 ,
 
 164 Ohio St. 329
 
 ,
 
 130 N.E.2d 820
 
 (1955), paragraph one of the syllabus. "When an inference, which forms the basis of a conviction, is drawn solely from another inference and that inference is not supported by any additional facts or inferences drawn from other established facts, the conviction is improper."
 
 Armstrong
 
 ,
 
 2014-Ohio-4304
 
 , at ¶ 23, citing
 
 State v. Maynard
 
 , 10th Dist. Franklin No. 11AP-697,
 
 2012-Ohio-2946
 
 , ¶ 27,
 
 2012 WL 2463966
 
 . "The rule against inference-stacking essentially forbids the drawing of an inference from evidence, which is too uncertain or speculative or which raises merely a possibility or conjecture. While reasonable inferences may be drawn from the facts and conditions established, they cannot be drawn from facts or conditions merely assumed."
 
 Armstrong
 
 at ¶ 23.
 
 See generally
 

 Ray v. Wal-Mart Stores, Inc.
 
 , 4th Dist. Washington No. 12CA21,
 
 993 N.E.2d 808
 
 ,
 
 2013-Ohio-2684
 
 , ¶ 35 (discussing improper inference stacking).
 

 {¶ 54} The evidence presented at trial was that Appellant possessed three, prescription-pill bottles containing significantly fewer pills than the labels suggested they should. All three labels stated that the prescriptions had been filled for Appellant at pharmacies in Florida roughly 48 hours before the traffic stop. The first bottle contained only 70 of 180 oxycodone pills; the second bottle contained only about 37 of 84 alprazolam pills; and the third bottle contained only 11 of 140 oxycodone pills. Appellant also had more than one cell phone and nearly two thousand dollars in cash in his pocket.
 

 {¶ 55} There were also several things about Appellant's situation that were consistent with someone trafficking in drugs. For example, Florida is a known source of oxycodone; and traffickers often transport drugs in rental cars. Records also confirmed that the car Appellant was driving had been driven nearly ten thousand miles since being rented on August 1, 2011.
 

 {¶ 56} However, the State presented no evidence at trial from which a jury could find beyond a reasonable doubt that Appellant transported his remaining oxycodone pills
 
 when he knew or had reasonable cause to believe that the drug was intended for sale or resale.
 
 For example, the State presented no evidence that the remaining pills were cut for sale, that Appellant possessed items to package the pills for sale (e.g., plastic baggies) or that Appellant's phones contained text messages about future sales.
 

 {¶ 57} Furthermore, the State did not present any evidence at trial that Appellant sold his missing oxycodone pills. For example, no testimony is in the record that officers made a controlled buy from Appellant or that Appellant's cell phones contained text messages about past sales.
 

 {¶ 58} The jury necessarily must have based an inference upon another inferential assumption in order to find beyond a reasonable doubt that Hill knew the oxycodone was intended for sale or resale. Specifically, the jury had to have inferred that Hill had been selling oxycodone based on the number of missing pills in the bottles and then inferred that he intended to sell his remaining oxycodone pills. Because no evidence exists in the record from which a
 jury could infer that Appellant sold his missing pills, this inference "was dependent
 
 not
 
 upon an established fact, but upon another inferential assumption" and is therefore improper. (Emphasis sic.)
 
 State v. Armstrong
 
 ,
 
 2016-Ohio-7841
 
 , at ¶ 28,
 
 2016 WL 6876504
 
 .
 

 {¶ 59} "Normally, convictions are based on specific facts that support or establish the elements of a crime charged. While it is certainly acceptable to infer certain facts or circumstances from the evidence at hand, inferences that establish criminal elements based on other inferences not established in fact thwart how criminal liability should be established in our system of justice."
 
 State v. Collins
 
 , 8th Dist. Cuyahoga No. 95422,
 
 2011-Ohio-4808
 
 , ¶ 25,
 
 2011 WL 4389539
 
 .
 

 {¶ 60} Accordingly, I would sustain Appellant's first assignment of error and reverse the judgment of the trial court.