[Cite as *State v. Combs*, 2018-Ohio-2420.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-53 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-287 |
| | : | |
| KYLE S. COMBS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of June, 2018.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

JENNIFER D. BRUMBY, Atty. Reg. No. 0076440, 4407 Walnut Street, Suite 210, Dayton, Ohio 45440
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Kyle Combs appeals from his conviction and sentence for possession of heroin. He contends that the State failed to present evidence sufficient to support the conviction and that the conviction is against the manifest weight of the evidence.

{¶ 2} We conclude that there is sufficient evidence upon which a rational finder of fact could rely in concluding that Combs is guilty of possession of heroin. We further find that the trial court, as the finder of fact, did not lose its way in convicting Combs. Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Course of the Proceedings

{¶ 3} On November 20, 2015, Fairborn Police Officer Nathan Penrod was on duty when he was dispatched to investigate a call regarding a "potential intoxicated subject that was unable to walk or having a hard time walking." Tr. p. 16. Upon arriving at the scene, he discovered a man, later identified as Combs, lying on the ground. Penrod attempted to rouse the man, but was unsuccessful. Penrod noted no smell of alcohol. He did however observe that the man's pupils were "pinpoint" and he was snoring.

{¶ 4} Penrod called for paramedics. He then attempted to locate Combs's identification. Penrod lifted Combs's shirt slightly and noted that a syringe was sticking out of his left pants' pocket; he also found a small plastic bag in the pocket. The bag contained a white powder and a single pill. Both the syringe and the bag were taken into police custody. The syringe was sent to the Miami Valley Regional Crime Laboratory for testing. Forensic chemist Brooke Ehlers tested the syringe and found heroin residue in

an amount too small to weigh.

{¶ 5} Combs was indicted on one count of possession of heroin in violation of R.C. 2925.11(A). He filed a motion to suppress which the trial court denied. Combs waived his right to a jury trial, and a bench trial was conducted on July 21, 2017. The trial court found Combs guilty of the offense and sentenced him to community control sanctions with the condition that he successfully complete the Greene Leaf Therapeutic Community Program.

{¶ 6} Combs appeals.

## II. Sufficiency and Manifest Weight of the Evidence

{¶ 7} The sole assignment of error asserted by Combs states as follows:

MR. COMB'S [SIC] CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE STATE DID NOT PROVE HE KNOWINGLY POSSESSED RESIDUE.

{¶ 8} We note that while Combs' assignment of error states that he is challenging the weight of the evidence, he also addresses the sufficiency of that evidence in his argument. Thus, we will address both issues.

{¶ 9} A sufficiency of the evidence analysis focuses upon whether the prosecution presented adequate evidence, viewing such evidence in the light most favorable to the prosecution, to sustain the verdict. (Citations omitted.) *State v. Radford*, 2d Dist. Clark No. 2016-CA-80, 2017-Ohio-8189, ¶ 14. The prosecution has presented sufficient evidence when "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d

259, 574 N.E.2d (1991), paragraph two of the syllabus.

{¶ 10} A manifest weight analysis, in contrast, requires an appellate court to review the record, weigh the evidence and any reasonable inferences allowed by the evidence, consider witness credibility, and determine whether the trier of fact, in resolving any evidentiary conflicts, "clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered."  *Radford* at ¶ 15.  This consideration of the evidence must be exercised with caution so that a new trial will only be granted "in the exceptional case in which the evidence weighs heavily against the conviction."  *Id.*, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).  Though different legal concepts are involved, if it is concluded that a verdict is supported by the manifest weight of the evidence, the evidence, by necessity, is legally sufficient.  (Citations omitted.)  *Radford* at ¶ 16.

{¶ 11} Combs was convicted of possession of heroin.  That offense is proscribed by R.C. 2925.11(A) which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."  "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist."  R.C. 2901.22(B).

{¶ 12} Combs relies upon *State v. Susser*, 2d Dist. Montgomery No. 11787, 1990 WL 197958 (Dec. 5, 1990), as support for his contention that his conviction is not supported by the evidence, because the heroin found in his possession was of such a minute quantity that it cannot constitute a violation of R.C. 2925.11(A).  He also cites

*State v. Dempsey*, 22 Ohio St.2d 219, 223, 259 N.E.2d 745 (1970), and *State v. Brehem*, 27 Ohio St.2d 239, 241, 272 N.E.2d 122 (1971), as support for his claim that the fact of physical possession is insufficient to prove knowledge.

{¶ 13} However, our holding in *Susser* was found to be in conflict with a decision from the Eighth District Court of Appeals wherein the defendant was convicted of drug abuse in violation of R.C. 2925.11.  *See State v. Teamer*, 82 Ohio St.3d 490, 696 N.E.2d 1049 (1998) ("The certified issue is 'whether the amount [of the controlled substance] is a factor in determining the crime of drug abuse.' ") Further, both *Dempsey* and *Brehem* pre-date *Teamer*.

{¶ 14} In *Teamer*, the Ohio Supreme Court stated:

In our view, the unambiguous language of R.C. 2925.11 punishes conduct for the possession of any amount of a controlled substance. It does not qualify the crime by stating that the amount of the drug must be of a certain weight.  We may not insert an amount provision into the unambiguous language of the statute.  Appellant argues that because only a trace of cocaine was detected, it is drastically unfair to charge him with a felony crime when another statutory provision is more applicable. However, we find that this argument is better addressed to the General Assembly.  We must apply the statute as written.

Accordingly, we find that the quantity of a controlled substance is not a factor in determining whether a defendant may lawfully be convicted of drug abuse, in violation of R.C. 2925.11(A).  As long as there is scientifically accepted testimony from which a factfinder could conclude

beyond a reasonable doubt that a controlled substance was present, a conviction for drug abuse pursuant to R.C. 2925.11(A) will not be reversed based on the amount of contraband involved.

* * *

In Ohio, juries are instructed that the element of knowledge is to be determined from the attendant facts and circumstances particular to each case. "Since you cannot look into the mind of another, knowledge is determined from all the facts and circumstances in evidence. You will determine from these facts and circumstances whether there existed at the time in the mind of the defendant an awareness of the probability that * * *." 4 Ohio Jury Instructions (1997), Section 409.11(3). Likewise, case law instructs, "Intent ' "can never be proved by the direct testimony of a third person and it need not be. It must be gathered from the surrounding facts and circumstances." ' " *State v. Lott* (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293, 302, quoting *State v. Huffman* (1936), 131 Ohio St. 27, * * *, 1 N.E.2d 313, paragraph four of the syllabus.

Thus, whether a person charged with drug abuse in violation of R.C. 2925.11 knowingly possessed, obtained, or used a controlled substance is to be determined from all the attendant facts and circumstances available. If there is sufficient evidence such that a reasonable trier of fact could have found that the state had proven guilt beyond a reasonable doubt, a reviewing court may not reverse a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

*Id.* at 491-492.

{¶ 15} In this case, Penrod testified that, based upon his experience and training, both the snoring and the "pinpoint" pupils he observed when he tried to rouse Combs were indicative of a heroin overdose. Penrod further testified that he observed the paramedics administer a drug to Combs which caused him to regain consciousness, and this also indicated to Penrod that Combs had overdosed on heroin. Again, Ehlers testified that, even though the residue discovered in the syringe found in Combs's pocket was too small to weigh, she was able to determine that it was heroin based upon accepted scientific techniques.

{¶ 16} Based upon the record before us, we cannot conclude that the trial court lost its way in determining that Combs violated R.C. 2925.11(A), or that the State did not present sufficient evidence to sustain the conviction. Accordingly, the sole assignment of error is overruled.

### III. Conclusion

{¶ 17} Combs's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies mailed to:

Nathaniel R. Luken
Jennifer D. Brumby

Hon. Stephen Wolaver