## State v. Newsome
### [Cite as 8 AOA 409]

*Case No. 59868*
*Cuyahoga County, (8th)*
*Decided December 20, 1990*

*John T. Corrigan, Cuyahoga County Prosecutor and John Smerillo, Assistant County Prosecutor, 8th Floor, Justice Center, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Donald Nance, 1100 Superior Avenue, Suite 1414, Cleveland, Ohio 44114, for Defendant-Appellee.*

*Per Curiam.*

Plaintiff-appellant, State of Ohio appeals from the verdict of the Court of Common Pleas, Cuyahoga County, granting defendant-appellee, Kenneth Newsome, suppression of his drug abuse count.

### THE FACTS, GENERALLY

On December 21, 1989, Cleveland Police Officers William Tinsley and Wheeler arrested Kenneth Newsome for Drug Abuse in violation of Ohio Revised Code §2925.11(A).

Cleveland police first observed a 1985 Dodge Daytona parked in the street on East 102nd Street facing south about four feet from the curb. (Tr. 13, 70.) The officers also observed another male later found to be Bertram Parks leaning into the passenger window. (Tr. 71.) At this time Mr. Parks saw the police and threw a brown object to the ground and tried entering the Daytona. (Tr. 14, 720). The police stopped, exited their cruiser, then Officer Wheeler secured the auto while Officer Tinsley retrieved the thrown object (Tr. 14). Officer Tinsley found the object to be a vial containing two white rocks of suspected cocaine. (Tr. 14.) Officers Tinsley and Wheeler then ordered everybody out of the car. Kenneth Newsome was in the driver's seat; Bertram Parks was in the rear seat on the passenger side; and, a Carmen Stuart was in the front passenger's seat. (Tr. 14, 78.)

Officer Tinsley then noticed under the appellee Newsome's seat a blue pouch with a glass pipe protruding from it. (Tr. 14.) Mr. Newsome was then arrested for possession of criminal tools and for possession of drugs in the form of cocaine residue on the pipes.

### A. SUPPRESSION HEARING

On May 10, 1990 a suppression hearing was held before the court. At the conclusion of the hearing, the judge suppressed the state's evidence as to the drug abuse count, but overruled the motion to suppress as to the possession of the criminal tools count.

### B. TIMELY APPEAL

It is from the order suppressing the evidence as to the drug abuse count that the state takes this appeal.

### I. ASSIGNMENT OF ERROR I

The appellant, in its single assignment of error states:

"WHETHER THE CLEVELAND POLICE PROPERLY SEIZED EVIDENCE FROM THE AUTOMOBILE DRIVEN BY KENNETH NEWSOME; WHERE THEY OBSERVED A CAR IMPEDING TRAFFIC ENGAGED IN A DRUG TRANSACTION CONTAINING AN INDIVIDUAL WHO

HAD JUST THROWN DOWN A VIAL CONTAINING TWO ROCKS OF CRACK COCAINE."

This assignment of error is well taken.

## A. ISSUE RAISED: WHETHER PROBABLE CAUSE EXISTED TO VALIDATE THE WARRANTLESS SEARCH OF THE CAR.

The appellant, State of Ohio, in a single assignment of error, argues that the trial court erred by granting appellee Kenneth Newsome, suppression of the drug abuse count. Specifically, appellant argues that a police officer may conduct a warrantless search of the passenger compartment of an automobile (including its contents) if probable cause to do so exists.

## B. INVESTIGATIVE STOP

The propriety of an investigative stop is viewed in light of the totality of the circumstances surrounding the detention. *State v. Freeman* (1980), 64 Ohio St. 2d 291, syllabus paragraph one. Probable cause to arrest is not required for a brief investigatory stop. *Terry v. Ohio* (1968), 392 U.S. 1, 21. However, the police officer must be able to point to specific articulable facts which would lead a rational person to suspect criminal activity is afoot. *Freeman, supra,* at 294; *Terry, supra,* at 21-22. In *Freeman,* the court upheld the stop, citing the time of night, the high crime rate in the area of the stop and the fact that the defendant sat in a parking lot for twenty minutes with his auto engine off.

## C. SPECIFIC, ARTICULABLE FACTS

In the instant case, Officers Tinsley and Wheeler observed the appellee's car impeding traffic. Further observation revealed a male (co-defendant Bertram Parks) leaning into the passenger window. Since both Officer Tinsley and Officer Wheeler knew this area was a high drug activity district, this behavior appeared to be associated with drug activity. Thus this specific and articulable fact of the co-defendant leaning into the car in a high crime district was enough viewed in light of the totality of the circumstances (car stopped illegally) to warrant an investigative stop. *State v. Freeman* (1980), 64 Ohio St. 2d 291.

During an investigative stop, a police officer is permitted by law to "approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Terry v. Ohio* (1968), 392 U.S. 1, at 22. Therefore, probable cause is not required for a brief investigative stop.

In the case *sub judice,* at the initial detainment of the car by the police officers, an investigative stop was warranted merely on the grounds of the traffic obstruction. Additionally, the totality of the circumstances, taken together with the police officer's specific and articulable facts, and the rational inferences from these facts, certainly warranted the stop.

## D. LIMITED SEARCH WITH INVESTIGATIVE STOP

Once the stop was made, Officers Tinsley and Wheeler were entitled to conduct a limited search for weapons and were justified in conducting a limited protective search of the surrounding area within such individual's control. *Michigan v. Long* (1983), 463 U.S. 1032. However, this limited search was obviated by the incriminating evidence uncovered in the discarded bag thrown away by co-defendant Parks.

## E. THE EXISTENCE OF PROBABLE CAUSE

The Supreme Court, in *Caroll v. United States* (1924), 267 U.S. 132, held that a warrantless search of an automobile stopped by police officers possessing probable cause to believe the vehicle contained contraband was not unreasonable within the meaning of the Fourth Amendment.

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." *Caroll, supra,* at 149.

In the present case, once Officer Tinsley observed the codefendant Parks discard the pouch which contained incriminating evidence, *i.e.,* two rocks of crack cocaine, and observed codefendant Parks jump into appellee's car, the inquiry as to whether the plain view exception to the search warrant is compelling is not necessary. The totality of the circumstances gave the officers probable cause to search appellee's automobile.

It is not necessary to address the fact that these items fell within plain view as the officer stood outside the automobile looking into the compartment. The fact that the

police had probable cause to search the car for incriminating evidence was sufficient to justify a warrantless search of the automobile. The fact that the criminal tools were in plain view further justified the arrest of appellee Newsome.

### G. QUANTITY OF DRUGS

· The quantity of the drugs found in the pipes at the time of the arrest was minimal (cocaine residue). However, this small quantity is insignificant as it bears on the gravity of the offense.

R.C. 2925.11(A), proscribing drug abuse, which is the charge against appellee herein, does not establish any minimum prohibited amount of a controlled substance. It does require that there be a knowing obtaining, possession or use of a controlled substance. *State v. Daniels* (1985), 26 Ohio App. 3d 101.

In the case *sub judice,* the fact that there was a cocaine residue in the pipes found under the driver's seat is clearly sufficient to support the finding that appellee knowingly obtained and possessed cocaine. The trial court erred in suppressing this evidence.

### H. CONCLUSION

When the totality of the foregoing circumstances are viewed objectively, the police had probable cause to search the automobile and to arrest the occupants therein. The fact that the trial court did not suppress the criminal tools evidence, whether based on the plain view exception or not, is further compelling reason to allow the drug abuse evidence.

This only assignment of error is well taken.

The judgment appealed from is reversed and the cause is remanded.

MATIA, P.J., NAHRA, J., and McMANAMON, J., concur.