**97-1255. State v. Teamer.**
Cuyahoga App. No. 70466. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' Journal Entry filed July 2, 1997:

"This court concludes that Gary Teamer's motion to clarify is well taken. We thus issue the following order: Several decisions issued by this court conflict with *State v. Susser* (Dec. 5, 1990), Montgomery App. No. 11787, unreported [1990 WL 197958]. The *Susser* court held Susser's 'conviction for drug abuse [could] not stand as a matter of law where he possessed such a minute quantity of cocaine, that its very presence must be confirmed by extraordinary microscopic analysis.' This court rejected this principle and held most recently in this case that 'it is not the amount of the controlled substance, but whether the accused knowingly possessed, obtained, or used the drug that guides our inquiry.' *State v. Teamer* (May 23, 1997), Cuyahoga App. No. 70466, unreported [1997 WL 232709]; *State v. Duganitz* (May 5, 199[4] ), Cuyahoga App. No. 65328, unreported [1997 WL 173521].

We supported this position by citing our decision in *State v. Newsome* (1990), 71 Ohio App.3d 73 [593 N.E.2d 40], and Hamilton County's decision in *State v. Daniels* (1985), 26 Ohio App.3d 101 [26 OBR 276, 498 N.E.2d 227]. Accordingly, the only issue we certify to the Supreme Court is whether the amount is a factor in determining the crime of drug abuse."

MOYER, C.J., RESNICK and LUNDBERG STRATTON, JJ., dissent.

*Sua sponte*, cause consolidated with 97–1244, *infra.*