JOURNAL ENTRY AND OPINION
Defendant-appellant Clive Goulbourne, a.k.a Robert Sanders, Jr., a.k.a. John Goodman, appeals in this accelerated appeal from his no contest plea convictions for possession of drugs, preparation of drugs for sale, and possession of criminal tools. He argues the trial court should have suppressed the evidence against him. We affirm.
Defendant was indicted on the three charges after he was observed by police officers conducting surveillance in a high drug crime area in response to complaints about illegal drug activity. Defendant stopped his vehicle in the street and engaged in a brief conversation with a bicyclist who leaned into the driver's window of the car. Defendant showed the bicyclist a clear plastic bag of marijuana but drove off without completing a transaction.
Detective Keith Walker, who observed this activity, made a radio call to a team of other undercover officers who stopped defendant's vehicle and arrested him. The arresting officers approached defendant, who appeared to be intoxicated. According to Detective Walker, defendant rolled down the car window. He stated that the officers immediately smelled the odor of marijuana emanating from his vehicle and led defendant outside of the vehicle. The officers arrested defendant after they found zip lock bags of marijuana in a brown paper bag in the passenger side of his vehicle. The baggies of marijuana were like the one defendant offered to the bicyclist.
The matter proceeded to a suppression hearing immediately before the scheduled trial. The prosecution presented testimony from two of the police detectives engaged in the surveillance. Testifying on his own behalf, defendant stated he gave the bicyclist a cigarette, but did not show him a bag of marijuana. Defendant stated it was merely a coincidence that the officers found marijuana in his vehicle.
Following the hearing, the trial court denied defendant's one-page motion to suppress. The trial court specifically found detective Walker's testimony to be credible, but defendant's testimony to be incredible. Defendant thereafter pleaded no contest to the charges, was sentenced, and filed this accelerated appeal.
Defendant's sole assignment of error follows:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE ILLEGALLY OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 4, ARTICLE I OF THE OHIO CONSTITUTION.
This assignment lacks merit.
Defendant argues the trial court should have suppressed the evidence against him because the police did not have reasonable suspicion to make an investigatory traffic stop or probable cause to search his car. After reviewing the record of the suppression hearing, however, we find that the police had sufficient information to warrant the traffic stop and the search of the paper bag in defendant's vehicle.
The police officers had sufficient reasonable suspicion that defendant possessed marijuana. Detective Walker, who had thirteen years of experience and made hundreds of drug arrests, testified that he observed defendant engage in illegal drug activity. The detective saw defendant stop his vehicle, impede traffic in a high drug crime area, and permit a bicyclist who had called him over, to lean into the driver's window and observe a plastic bag of green substance.
Detective Walker stated the activity was like what he observed during hundreds of other drug arrests, including more than one hundred arrests in this particular neighborhood. Detective Walker conceded he was not certain the substance in the baggie was marijuana. He stated, however, contrary to defendant's argument, that he never observed anyone offering to sell spinach or tea leaves in plastic baggies to anyone on the street in this manner.
Under the totality of the circumstances, Detective Walker's observation of defendant stopping his vehicle to impede traffic and allowing a pedestrian who requested him to stop to lean into the vehicle, along with the baggie with a green substance, provided sufficient grounds to form at least a reasonable suspicion that defendant possessed and attempted to sell illegal drugs to warrant an investigative stop. See e.g., State v. Newsome (1990), 71 Ohio App.3d 73, 76.
The prosecution also presented sufficient evidence that it had probable cause to justify the search of the paper bag in defendant's vehicle. The arresting officers in the take-down team learned the above information from a radio broadcast by Detective Walker. Moreover, upon stopping defendant's vehicle, they observed that defendant appeared to be intoxicated. Detective William Speights stated: My first observation [made while approaching the vehicle] was the male [defendant] appeared intoxicated, under the influence of some kind of drug or alcohol. His eyes were real red, sweating a little.
Detective Walker testified that when defendant, who was alone in the vehicle, rolled the window down an odor of marijuana emanated from the vehicle. The voluntary act of rolling down an automobile window and the testimony of an experienced officer that he smelled the odor of marijuana is sufficient, by itself under the plain smell doctrine without all the other evidence in this case, to establish probable cause that defendant possessed marijuana. See State v. Moore (2000), 90 Ohio St.3d 47; State v. Alge (Apr. 21, 2000), Erie App. No. E-99-053, unreported.
Defendant emphasizes, on the other hand, Detective Speights' testimony that the officers opened his car door and did not state, as Detective Walker had, that defendant first rolled down his own window. It is not clear that the officer's testimony was conflicting on this point, however, since it is possible that Detective Speights merely omitted this particular detail from his testimony. In any event, it is well established that the trial judge determines the weight of the evidence and credibility of the witnesses on motions to suppress evidence. State v. Smith (1997), 80 Ohio St.3d 89, 106. The trial court specifically credited Detective Walker's testimony, which included his statement that defendant opened his own window.
Even if the officers on the take-down team opened the door to defendant's vehicle as he contends, the record nevertheless contains sufficient evidence of probable cause. Detective Speights testified that defendant appeared to be under the influence of drugs or alcohol when Speights approached his vehicle. When coupled with the information from Detective Walker concerning the aborted drug sale and observation of the suspected marijuana, the officers had a sufficient basis to conclude that they had observed defendant engage in criminal activity.
Contrary to defendant's argument, the validity of the search in this case does not depend on who opened defendant's car door. The officers could properly order defendant to leave his vehicle as part of the investigatory stop. Under the circumstances, the police obtained, through their own senses, sufficient information to support a finding by a reasonable person of probable cause that defendant possessed marijuana. As a result, the trial court properly denied defendant's motion to suppress the baggies of marijuana found in his vehicle.
Accordingly, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________ KARPINSKI, P.J.