[Cite as *State v. Radford*, 2017-Ohio-8189.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-80 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-243 |
| | : | |
| ARTHUR C. RADFORD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of October, 2017.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

PATRICK J. CONBOY, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Arthur Radford appeals from his convictions for trafficking in cocaine, trafficking in heroin, and having a weapon under disability. He contends that the State did not present evidence sufficient to support the convictions. He further contends that the convictions are against the manifest weight of the evidence.

{¶ 2} We conclude that the record demonstrates evidence upon which a reasonable juror could rely in determining that Radford is guilty of the charged offenses. We further conclude that the jury did not lose its way in rendering the guilty verdicts.

{¶ 3} Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶ 4} In March 2015, Clark County Sheriff's Deputy John Lemen and other members of the Clark County Sheriff's Department were investigating reports of drug trafficking at the Relax Inn.[1] After making traffic stops of vehicles leaving the premises, the investigation became focused on activity involving Room 125.

{¶ 5} On the morning of March 3, 2015, Lemen observed a black Jaguar with Georgia license plates pull into the parking lot of the Relax Inn. He observed an occupant of the car enter Room 125. The individual was in the room for less than five minutes and the Jaguar remained running. The person left the hotel room and drove away. Lemen initiated a traffic stop of the Jaguar. During the stop Lemen obtained more information on the drug trafficking taking place in Room 125. Narcotics were found

---

[1] We note that the State's brief refers to the deputy as "Lehman." However, the trial transcript spells the name Lemen. Thus, we will use Lemen.

in the Jaguar.

{¶ 6} While Lemen was involved in the stop of the Jaguar, Clark County Sheriff's Detective Andy Reynolds observed an individual, later identified as Radford, exit and re-enter the room several times. He also observed several other individuals visit the room. Reynolds followed the vehicle of a woman who briefly entered the room. When the woman arrived at her home, Reynolds approached her. The woman informed Reynolds of the name of the person from whom she had just purchased drugs in Room 125.

{¶ 7} Reynolds returned to the Relax Inn where he observed Radford drive off in a white vehicle. Lemen returned to the Relax Inn at the same time as Radford returned. Radford was then observed standing in the opened doorway of Room 125 speaking to a woman. Lemen exited his vehicle and asked Radford to approach. Radford complied and gave Lemen permission to perform a patdown. During the patdown, Lemen found a package containing 10.64 grams of marijuana as well as $1,200 in denominations of $5, $10 and $20. Lemen informed Radford that he was under arrest. As he was being handcuffed, Radford shouted to the woman and told her to close the door to the room. Reynolds and other deputies arrived and removed her from the room. They performed a protective sweep searching for other people in the room. When no one else was observed, the deputies "froze" the room while they obtained a search warrant.

{¶ 8} After obtaining the warrant, the deputies searched the car driven by Radford as well as Room 125. A search of the car produced 1.48 grams of crack cocaine and a receipt, with Radford's name on it, from an auto parts store.

{¶ 9} On a desk inside Room 125, the deputies found digital scales with white powder residue, 4.33 grams of marijuana, and 1.59 grams of crack cocaine. A crack

pipe was found between the mattress and box springs. A .380 semiautomatic handgun was found inside the air conditioning unit. Fourteen rounds of .380 ammunition were located on a nightstand. The deputies also found 0.09 grams of crack cocaine in the pocket of a man's coat located in the room. They also found a plastic bag with 3.22 grams of heroin. The deputies noted male clothing in the room, along with a receipt bearing Radford's name, and a large flat screen television in addition to the provided room television. They also discovered that the room was rented to Radford.

{¶ 10} Radford was indicted on May 18, 2015 on one count of trafficking in cocaine, one count of possession of cocaine, one count of trafficking in heroin, one count of possession of heroin, and one count of weapons under disability. The four drug offense counts were accompanied by firearm specifications. A jury trial was conducted in October 2016. The jury found Radford guilty of all indicted offenses. He was sentenced accordingly. This appeal follows.

## II. Analysis

{¶ 11} Radford's sole assignment of error states:

THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF HAVING WEAPONS UNDER DISABILITY; TRAFFICKING AND POSSESSION OF HEROIN; AND TRAFFICKING AND POSSESSION OF COCAINE.

{¶ 12} Radford contends that his conviction was not supported by sufficient evidence and was also against the manifest weight of the evidence because the State failed to establish that he had possession of the cocaine, heroin and the handgun.

{¶ 13} We begin by noting that the trial court merged the possession of cocaine

and trafficking of cocaine convictions. The trial court also merged the possession of heroin with the trafficking in heroin convictions. The State elected to proceed to sentencing on the trafficking offenses. Thus, the convictions for possession of cocaine and possession of heroin are not at issue in this case.

{¶ 14} "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). We apply the test from *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), which states that:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

(Citation omitted). *Id.* at paragraph two of the syllabus.

{¶ 15} When reviewing a weight of the evidence challenge, a court reviews "the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should

be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶ 16}** Further, while "sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency." (Citations omitted.) *State v. McCrary*, 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161, ¶ 11. *Accord State v. Robinson*, 2d Dist. Montgomery No. 26441, 2015-Ohio-1167, ¶ 17. Accordingly, "a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Citations omitted.) *State v. Braxton*, 10th Dist. Franklin No. 04AP-725, 2005-Ohio-2198, ¶ 15.

**{¶ 17}** Additionally, "[b]ecause the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). "The fact that the evidence is subject to different interpretations does not render the conviction against the manifest weight of the evidence." *State v. Adams*, 2d Dist. Greene Nos. 2013-CA-61 and 2013-CA-62, 2014-Ohio-3432, ¶ 24.

**{¶ 18}** Radford, for purposes of this appeal, was convicted of trafficking in drugs in

violation of R.C. 2925.03(A)(2) and having weapons while under disability in violation of R.C. 2923.13(A)(3). However, since Radford's argument is that the evidence is not sufficient to establish that he possessed the drugs he was convicted of trafficking, we will discuss whether the evidence is sufficient to establish Radford's possession of the drugs at issue.

{¶ 19} R.C. 2925.11(A) prohibits a person from knowingly possessing drugs, while R.C. 2925.03(A)(2) provides that no person shall "knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person." R.C. 2923.13(A)(3) provides that "[u]nless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "The possession of drugs can be actual or constructive. * * *." *State v. Curry*, 2d Dist. Montgomery No. 25384, 2013-Ohio-

5454, ¶ 17.

{¶ 20} Radford argues that there was no proof he was renting Room 125 or that the items therein were his. When Radford was arrested, the items found in the room were not in his immediate control, so the question is whether he constructively possessed the drugs he was convicted of trafficking as well as the handgun.

{¶ 21} In order to constructively possess drugs, a defendant must be able to exercise dominion and control over them even when the drugs are not in his immediate physical possession.[2] *Curry* at ¶ 18. Leasing a property where contraband is found is insufficient by itself to establish possession. S*tate v. Haynes,* 25 Ohio St.2d 264, 270, 267 N.E.2d 787 (1971). Constructive possession may be inferred from "the surrounding facts and circumstances, including the defendant's actions." *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, 922 N.E.2d 248, ¶ 28 (10th Dist.). Circumstantial evidence is sufficient to support a finding of constructive possession. *Id.*

{¶ 22} From our review of the record, we conclude that sufficient evidence was adduced to establish Radford's constructive possession of the heroin, cocaine and handgun found in Room 125. There was evidence presented that the room was leased to Radford. However, the State did not rely solely upon the fact that Radford leased the room to establish his possession. Evidence was presented that Radford was observed coming and going from the room. A receipt with his name on it was found in the room. The room contained only men's clothing which was observed strewn about the room.

---

[2] The rules about constructive drug possession also apply to having weapons while under a disability. *State v. Cherry*, 171 Ohio App.3d 375, 2007–Ohio–2133, 870 N.E.2d 808, ¶ 10 (2d Dist.)

Two different individuals who had visited the room were stopped by the deputies and found to be in possession of drugs. One admitted that she purchased drugs from the person in Room 125. Further, Radford's instructions to the woman to close the door to the room, made at the time of his arrest, is indicative of his knowledge of the contents of the room.

{¶ 23} We further find that there was sufficient evidence presented to establish that Radford was trafficking in drugs. The deputies found $1,200 in small bills on his person. There was testimony that carrying cash in the type of denominations that Radford had is indicative of trafficking. Further, digital scales, and a handgun were found in the room, with these items, according to the deputies, being indicative of trafficking. There was also evidence that it is not unusual to find that drug traffickers bring their own large televisions to the places from which they traffic.

{¶ 24} Turning to the manifest weight argument, it was up to the jury, as the trier of fact, to evaluate the credibility of all of the witnesses. We cannot say that this jury lost its way in finding that Radford was guilty of possession and trafficking or that he was in possession of a handgun while under a disability.[3]

{¶ 25} Radford's sole assignment of error is overruled.

### III. Conclusion

{¶ 26} Radford's sole assignment of error being overruled, the judgment of the trial court is affirmed.

---

[3] The parties stipulated that Radford was under a disability, and evidence was presented that the handgun was operable.

. . . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Andrew P. Pickering
Patrick J. Conboy
Hon. Richard J. O'Neill