[Cite as *State v. Laraby*, 2018-Ohio-113.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27466 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-1223 |
| | : | |
| JASON R. LARABY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of January, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, 426 Patterson Road, Kettering, Ohio 45419
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Jason Laraby was indicted on June 8, 2016 on one count of Felonious Assault (serious physical harm) in violation of R.C. 2903.11(A)(1). Laraby, on November 29, 2016, appeared before the trial court at which time he, in open court, signed a waiver of his right to a jury trial with the waiver being filed on December 2, 2016. The trial court, prior to Laraby's execution of the waiver, engaged him in a discussion about his right to a jury trial and confirmed that he desired to give up this right. The trial court, in addition, confirmed with Laraby's counsel that Laraby and he had discussed the arguments for and against a jury waiver.

{¶ 2} Laraby, on November 11, 2016, filed a motion to suppress statements he made to Huber Heights Police Officer Scott Short. The trial court did not conduct a pretrial suppression hearing regarding Laraby's statements to Scott, but at trial the State did not elicit these statements. However, the trial court, though it does not appear that a motion was filed, did, during the bench trial, conduct a suppression hearing regarding statements Laraby made to Dayton Detective Michael Deborde. The trial court did not issue a separate ruling concerning these statements.

{¶ 3} The trial court conducted a bench trial on December 12, 2016 with the trial court, upon completion of the trial, taking the case under advisement. Laraby, on December 16, 2016, filed a written closing argument. The trial court, on December 21, 2016, announced its decision finding Laraby guilty of the one count of felonious assault. The trial court stated the following: "having reviewed all of the exhibits and having reviewed [Laraby's] written closing argument, considering all the evidence, especially the credibility of all the witnesses, the court finds [Laraby] guilty of felonious assault." The

trial court ordered the preparation of a Presentence Investigation Report (PSI) and indicated that sentencing would occur on January 3, 2017. The trial court's oral pronouncement was followed by a written guilty verdict filed on December 23, 2016.

{¶ 4} The sentencing hearing was conducted on January 17, 2017 instead of January 3. The trial court sentenced Laraby to a four year prison term. The trial court's oral sentencing pronouncement was followed by the filing of a Termination Entry on January 19, 2017. The pending appeal followed with appellate counsel being appointed.

{¶ 5} Appellate counsel, on August 28, 2017, filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating he had "reviewed the record and transcripts… and does not find any meritorious issues for appeal."

{¶ 6} Counsel, consistent with his duty under *Anders*, noted three issues he explored but rejected. The rejected issues are: (1) ineffective assistance of counsel based upon counsel's failure to argue a "proper defense"; (2) the verdict was not supported by sufficient evidence and it was against the manifest weight of the evidence; and (3) the trial court erred by not considering self-defense or the inferior offense of aggravated assault. Counsel concludes the *Anders* brief by seeking permission to withdraw as counsel.

{¶ 7} In an order filed on August 31, 2017, we informed Laraby of the *Anders* filing and further informed him of his right to file a pro se brief within 60 days of August 31. Laraby did not file a brief.

{¶ 8} We, consistent with our duty under *Anders*, have carefully reviewed the record with this review including an examination of the potential errors counsel explored but concluded lacked arguable merit. These issues are discussed below.

**{¶ 9}** The felonious assault indictment was the result – really the culmination – of an altercation between Tracy Cooper and Laraby on January 3, 2016 at a tavern in Huber Heights, Ohio then called 1470 West. The altercation, which began as a verbal dispute inside the tavern, ended in the tavern's parking lot when Laraby, without dispute, punched Cooper in the face. Laraby, at trial, asserted the complete defense of self-defense. Laraby further asserted that the trial court, assuming self-defense was rejected, should find Laraby guilty of assault, a first degree misdemeanor. Laraby, finally, asserted that the trial court should, at most, find Laraby guilty of aggravated assault, a fourth degree felony.

**{¶ 10}** Trial counsel's asserted defenses, based upon the evidence presented, were the potential defenses available to Laraby, and, given this, there is no arguably meritorious claim that trial counsel provided ineffective assistance based upon a failure to pursue a proper defense.

**{¶ 11}** There is also no potential merit to an argument that the trial court erred by not considering self-defense and the inferior offense of aggravated assault. The trial court, when announcing the guilty verdict, stated that it had reviewed the testimony, the exhibits, and Laraby's written closing argument, and, based upon the trial court's credibility assessments, found Laraby guilty of felonious assault thereby rejecting Laraby's self-defense and inferior offense assertions. Further, there is not a potentially meritorious argument that the trial court's conclusions are not supported by the record.

**{¶ 12}** Laraby, on direct examination, testified that inside the tavern Cooper declared he was going to "kick my butt." Laraby further testified that Cooper was "steadily calling me a f * * * * t and a p * * * y." Laraby testified that at this juncture he

walked out of the tavern into the bar's parking lot with Cooper following him outside. Laraby, according to his testimony, walked to his truck and leaned into the truck's passenger compartment with Cooper, as this is occurring, continuing to "yell more s * * t behind my back." Laraby, according to his reckoning, walked back to Cooper with the following occurring: "I was like, listen, dude, its over go back inside. He pushed me and I turned around and hit him." Laraby, in response to his attorney's question concerning whether he was in fear for his safety upon being pushed by Cooper, answered as follows: "I mean he'd already said he was going to kick my butt once. And if you go to push me, I'm sorry, but in my line of work, if I don't retaliate – and I know this sounds bad – if I don't retaliate and I let it get into your head that I – that I'm a pushover, then it goes through your mouth to that person to that person that I let you get away with that, all of a sudden I have no control over my club." This testimony references Laraby's part-time employment at 1470 West performing security functions, but Laraby was not working security on January 3. Laraby's direct examination testimony does not further address the topic of self-defense.

{¶ 13} Laraby, on cross-examination, testified that his fear of Cooper – with this fear generated by Cooper's threat, made inside the bar, to hurt him – was also a factor in his decision to strike Cooper.

{¶ 14} Cooper's testimony presented a markedly different version of events. Cooper confirmed there was a verbal confrontation inside the tavern, and that Laraby and he exited the bar. Cooper, however, testified that Laraby entered his truck, apparently to drive away. Cooper, because of Laraby's intoxication, did not want him to drive prompting him to yell at Laraby "you're bagged [sic], don't leave…" Cooper explained

that "bagged" is military jargon for intoxication. Laraby, according to Cooper's rendition, exited the truck, approached him, and accused him of calling Laraby a "f * *." Cooper denied using the epithet. Cooper testified that Laraby then "got up… in my face." Cooper finally testified that "[t]he next thing I know… I was on the ground and I saw this boot coming at my face, and that's the last thing I remember."

{¶ 15} The State also presented the testimony of Diana Norton, a tavern patron who, because of such patronage, knew Laraby and Cooper. Norton observed the interaction between the two men which occurred inside the bar, and she followed the two men as they left the bar indicating she did so because she "did not want [Laraby and Cooper] to get into a fight." Norton testified that the two men exchanged pushes, but, after this, Laraby entered his truck and began to drive away. However, Laraby, as related by Norton, did not exit the parking lot, but, instead, stopped and exited the truck, walked to Cooper's location and, using his fist, struck Cooper in the face. The blow knocked Cooper to the ground rendering him unconscious.

{¶ 16} Self-defense is an affirmative defense with the burden being on the defendant to establish the defense by the preponderance of the evidence. The elements of self-defense when the force utilized is non-deadly force are (1) the defendant is not at fault in creating the circumstances leading to the altercation and (2) the defendant had a reasonable basis upon which to conclude, and, even if mistaken, an honest belief in such conclusion, that he was in imminent danger of bodily harm with the only means to protect himself being the use of force not likely to cause death or great bodily harm. *State v. Fritz*, 163 Ohio App.3d 276, 2005-Ohio-4736, 837 N.E.2d 823 (2d Dist.) (Citations omitted).

{¶ 17} It was the trial court's province to consider the testimony, evaluate

credibility, and then to reach the needed conclusions. There is, based upon the recited testimony, no arguably worthy appellate contention that the trial court's rejection of Laraby's self-defense assertion was erroneous. In fact, the self-defense rejection could have been reached based upon Laraby's testimony alone.

{¶ 18} Laraby, turning to the issue of the inferior offense of aggravated assault, testified, as already noted, that Cooper, while the men were inside the tavern, used vile epithets but no physical altercation occurred at this juncture. Laraby, during cross-examination, testified that when Cooper and he were in the parking lot, Cooper continued the use of disparaging comments, but that the comments did not make him angry, indicating that "they're just words." Laraby further testified, again during cross-examination, that he became angry when Cooper pushed him stating that "[P]hysical contact's everything." This anger, according to Laraby, prompted the punch to Cooper's face.

{¶ 19} Aggravated assault is an inferior degree offense of felonious assault which means that aggravated assault has the same elements as felonious assault but there is the additional mitigating element of serious provocation. *State v. Conley*, 2015-Ohio-2553, 43 N.E.3d 775 (2d Dist.), citing *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988). A defendant is appropriately convicted of the lesser offense of aggravated assault if his actions occurred when he is "under the influence of sudden passion or in a sudden fit of rage… brought on by serious provocation occasioned by the victim." R.C. 2903.12(A); *State v. Deem* at 210-211. The serious provocation analysis contains an objective and a subjective component. The objective piece is whether the provocation was sufficient to incite an ordinary person into the use of force. *State v. Beatty-Jones*,

2d Dist. Montgomery No. 24245, 2011-Ohio-3719; *State v. Thornton*, 2d Dist. Montgomery No. 20652, 2005-Ohio-3744. The subjective piece is a determination of whether the defendant actually acted "under a sudden passion or in a fit of rage." *State v. Beatty-Jones*, ¶ 22, citing *State v. Thornton*, ¶ 51.

{¶ 20} There is no potentially meritorious argument that the trial court erred by failing to find Laraby guilty of aggravated assault. Again, it was the trial court's responsibility to consider the testimony, to make credibility determinations, and then to reach the necessary conclusions. There is simply no potentially worthy appellate argument that the trial court, based upon the record, erred when rejecting Laraby's aggravated assault argument. Laraby's testimony, standing alone, was sufficient to allow the trial court to conclude that Cooper's suggested provocation did not meet either the objective or subjective prongs of the analysis.

{¶ 21} The next potential issue is whether there is a potentially successful argument that the trial court's verdict is not based upon sufficient evidence or is against the manifest weight of the evidence.

{¶ 22} A sufficiency of the evidence analysis focuses upon whether the State presented adequate evidence, viewing such evidence in the light most favorable to the State, to allow the case to be decided by, in most cases, a jury, or, in this case, a trial judge. *State v. Radford*, 2d Dist. Clark No. 2016-CA-80, 2017-Ohio-8189, ¶ 14 (Citations omitted). The State has presented sufficient evidence when "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 23} A manifest weight analysis, in contrast, requires an appellate court to review the record, weigh the evidence and any reasonable inferences allowed by the evidence, to consider witness credibility, and determine whether the trier of fact, in resolving any evidentiary conflicts, "clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Radford*, ¶ 15. This consideration of the evidence must be exercised with caution so that a new trial will only be granted "in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.).

{¶ 24} A sufficiency and a manifest weight analysis involve different legal concepts, but if it is concluded that a verdict is supported by the manifest weight of the evidence, the evidence, by necessity, is legally sufficient. *State v. Radford*, ¶ 16 (Citations omitted). Laraby, at trial, argued that the State failed to establish that Cooper suffered serious physical harm, and, as such, he should have been convicted, assuming he did not establish self-defense, of assault, a first degree misdemeanor. The evidence, including Laraby's admission during his testimony, established, without dispute, that Laraby's punch caused Cooper to be rendered unconscious. R.C. 2901.01(A)(5) defines serious physical harm with this definition, pertinent to the present discussion, including "harm… that involves some temporary, substantial incapacity." R.C. 2901.01 (A)(5)(c). We have determined that "[t]emporary unconsciousness constitutes a temporary substantial incapacity, and therefore serious physical harm." *State v. Holley*, 2d Dist. Montgomery No. 27115, 2017-Ohio-7430, ¶ 54, quoting *State v. Booker*, 2d Dist. Montgomery No. 22990, 2009-Ohio-1039, ¶ 16 (Citations omitted).

{¶ 25} Given the undisputed testimony that Laraby's conduct caused Cooper's unconsciousness, there is not a meritorious appellate argument that the trial court's serious physical harm conclusion is against the manifest weight of the evidence, and, as such, there is not a potentially successful appellate argument that the serious physical harm conclusion is not supported by sufficient evidence.

{¶ 26} It is also concluded, based upon our independent review of the remaining evidence and as outlined in this decision, there is no potentially worthy appellate claim that Laraby's conviction is otherwise against the manifest weight of the evidence, and, given this, there is no potentially successful argument that the verdict is not otherwise supported by sufficient evidence.

{¶ 27} Appellate counsel did not raise the trial court's decision, albeit unannounced, overruling Laraby's motion to suppress statements he made to Deborde. Laraby requested to meet with Deborde concerning a separate, distinct criminal investigation. Deborde, after gaining trial counsel's permission, met with Laraby. Deborde informed Laraby that he was not present to discuss Laraby's pending indictment, and given this, he did not inform Laraby of his *Miranda* rights and obtain Laraby's waiver of these rights. Laraby, during the course of the discussion, and without prompting from Deborde, made statements, arguably incriminating, concerning his interaction with Cooper.

{¶ 28} *Miranda* warnings are required when a person is in police custody and is subjected to interrogation, with interrogation being any question, comment, or action likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). There is, given the circumstances of the interview, no arguably

meritorious appellate argument that Deborde was obligated to inform Laraby of his *Miranda* rights and obtain a waiver of such rights before conducting the interview with Laraby. Further, there is no potentially worthy appellate argument that Deborde posed any question, made any comment, or took any action that was likely to elicit an incriminating statement from Laraby regarding his interaction with Cooper. Finally, there is no potentially worthy appellate claim that anything surrounding Deborde's interaction with Laraby made Laraby's statements regarding the incident with Cooper subject to suppression.

{¶ 29} We, in addition to the issues already discussed, have, consistent with our duty under *Anders*, reviewed the entire record with this review including the *Anders* brief, the PSI, the admitted evidence, the sentencing transcript, and the sentencing entry. This review has not revealed any arguably meritorious appellate issues.

{¶ 30} We have found no non-frivolous issues for appellate review. Counsel's motion to withdraw is granted. Accordingly, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Charles W. Slicer, III
Jason R. Laraby
Hon. Gregory F. Singer