[Cite as *State v. Price*, 2019-Ohio-3201.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28150 |
| | : | |
| v. | : | Trial Court Case No. 2017-CRB-7519 |
| | : | |
| LACHASHIA C. PRICE | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of August, 2019.

. . . . . . . . . . .

TROY B. DANIELS, Atty. Reg. No. 0084957, Assistant City of Dayton Prosecutor, 335 West Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

MARIA L. RABOLD, Atty. Reg. No. 0089080, 443 East Central Avenue, Miamisburg, Ohio 45342
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Defendant-appellant Lachashia Price appeals from her conviction for domestic violence and criminal damaging. Specifically, she contends that there was insufficient evidence to sustain the conviction for domestic violence and that that conviction was also against the weight of the evidence. We conclude that the State presented sufficient evidence to sustain the conviction, as there was evidence from which a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. We further conclude that Price's conviction was not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

**{¶ 2}** This case stems from an altercation that occurred between Price and her half-sister Tieya Price on November 16, 2017.[1] Following an investigation, Price was charged with domestic violence, assault and criminal damaging. A bench trial was conducted on June 7, 2018.

**{¶ 3}** During the trial, Tieya testified that, on the date of the altercation, Price and Price's boyfriend, Jermain Talie, drove to Tieya's home in order to shower. While there, Price asked Tieya for five dollars in order to purchase gasoline for her vehicle which she had parked at Tieya's residence. Tieya informed Price that she did not have money to give her. Thereafter, Tieya drove both Price and Talie to their places of employment.

---

[1] Because they share the same last name, we will refer to Lachashia Price as "Price" and to her half-sister as "Tieya."

Price's vehicle remained at Tieya's residence. Tieya testified that she and her teenaged daughter, Lamya Demmons, picked up Price from her workplace at approximately 7:30 p.m. that same day and then drove around for several hours. Tieya testified that, when they returned to Tieya's residence, Price was upset because Tieya had not loaned her the five dollars she had requested earlier. According to Tieya, Price detached Tieya's rearview mirror from the vehicle and hit Tieya in the face with it. Tieya testified that Price then punched her in the face. Afterward, Price proceeded to kick Tieya's vehicle. Tieya testified that Price and Talie then left the scene and that Tieya then called 911. Tieya testified that, after the incident, she consumed some alcohol.

{¶ 4} Demmons also testified that Price hit Tieya in the face with both the rearview mirror and with her fist. She further testified that Price kicked Tieya's vehicle. Demmons denied that her mother had been drinking. Demmons left the scene before the police arrived.

{¶ 5} Dayton Police Officer Terrell Moore testified that he was dispatched to the scene where he met Tieya. Moore testified that Tieya appeared to have been assaulted and that she had blood on her face. He testified that Tieya appeared to be under the influence of alcohol. He also testified that Price was not at the scene.

{¶ 6} Dayton Police Officer Karina Sulek testified that she was also dispatched to the scene. She testified that Tieya, who was the only party on the scene, appeared to have used alcohol. Sulek noted injuries and blood on Tieya's face. Sulek took pictures of Tieya and her vehicle. The vehicle had a crack to the front bumper and a dent in the rear.

{¶ 7} Price testified that when Tieya picked her up from work, Tieya had been

drinking alcohol. Price testified that as the night progressed, Tieya became intoxicated and appeared angry. At some point, Talie joined the group, which eventually returned to Tieya's residence and retrieved a gas can. Price testified that Tieya and Demmons began to argue in the house; Price and Talie broke up the fight, and the four then returned to Tieya's car to go get gas for Price's car. Price testified that she and Talie were in the back seats of the vehicle.

{¶ 8} According to Price, as the car pulled out of the parking lot, Tieya and Demmons began to argue again, and Tieya stopped the vehicle and attempted to hit Demmons with the rearview mirror. Demmons exited the vehicle. Tieya put the car in park, exited, approached Demmons, and the two began to fight. Price testified that Talie intervened. Price testified that she and Talie then told Demmons that she could stay with them for the night and that they would get gasoline on their own. According to Price, Tieya became angry with her for intervening, and Tieya spit on and bit Talie. Price further testified that, as she was attempting to get Demmons into Price's car, Tieya began to kick the vehicle. Price testified that she then kicked the back of Tieya's car. Price testified that she was standing by her own car when Tieya pulled her hair, hit her, and jumped into Price's car to attempt to "mess up" the car by shifting the gears. According to Price, while Tieya was pulling her hair, Price hit Tieya in self-defense. When the altercation ended, Price and Talie left the scene in Price's car. Talie's testimony was similar to Price's. Both Price and Talie testified that they called the police after the incident, but they admitted that they never spoke to an officer. On rebuttal, Demmons denied getting into an argument with her mother. During her testimony, Tieya also denied fighting with her daughter.

{¶ 9} The trial court found Price guilty on all charges. During sentencing, the trial court merged the assault and domestic violence charges and proceeded to sentence Price for domestic violence and criminal damaging. The court sentenced Price to a jail term of 180 days, all of which was suspended. The court also imposed five years community control, restitution, a $50 fine and court costs; for the first year, Price was placed on supervised probation, but thereafter the community control was "modif[ied] to non-reporting."

{¶ 10} Price appeals.

## II.     Sufficiency and Manifest Weight of the Evidence

{¶ 11} Price's four assignments of error state as follows:

APPELLANT'S CONVICTION OF DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

THE STATE'S EVIDENCE WAS INSUFFICIENT TO SATISFY ITS BURDEN TO PROVE EACH AND EVERY ELEMENT OF DOMESTIC VIOLENCE BEYOND A REASONABLE DOUBT.

APPELLANT'S CONVICTION OF ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

THE STATE'S EVIDENCE WAS INSUFFICIENT TO SATISFY ITS BURDEN TO PROVE EACH AND EVERY ELEMENT OF ASSAULT

BEYOND A REASONABLE DOUBT.[2]

{¶ 12} Price contends that the State did not present evidence sufficient to sustain the conviction for domestic violence and that her conviction was against the manifest weight of the evidence.

{¶ 13} A sufficiency of the evidence analysis focuses upon whether the prosecution presented adequate evidence, viewing such evidence in the light most favorable to the prosecution, to sustain the verdict. (Citations omitted.) *State v. Radford*, 2d Dist. Clark No. 2016-CA-80, 2017-Ohio-8189, ¶ 14. The prosecution has presented sufficient evidence when "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 14} A manifest weight analysis, in contrast, requires an appellate court to review the record, weigh the evidence and any reasonable inferences allowed by the evidence, consider witness credibility, and determine whether the trier of fact, in resolving any evidentiary conflicts, "clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at ¶ 15. This consideration of the evidence must be exercised with caution so that a new trial will only be granted "in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Though different legal concepts are involved, if it is concluded that a verdict is supported

---

[2] As stated above, Price was convicted of domestic violence and criminal damaging; the assault was merged with the domestic violence, and Price was not convicted of assault. We will address the assignments of error only as they relate to the domestic violence conviction.

by the manifest weight of the evidence, the evidence, by necessity, is legally sufficient. *Id.* at ¶ 16.

{¶ 15} R.C. 2919.25, which proscribes domestic violence, states in pertinent part that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "Family or household member" means any "person related by consanguinity or affinity to the offender" who "is residing or has resided with the offender[.]" R.C. 2919.25(F)(1)(a)(ii).

{¶ 16} Price's argument hinges upon her claim that the testimony of her sister and niece was not credible and that the testimony given by herself and Talie was the only believable account of the incident. Thus, she claims that there was no credible evidence that she committed domestic violence, and alternatively, she argues that the credible evidence supported a finding that she acted in self-defense.

{¶ 17} The credibility of the witnesses and the weight to be given to their testimony are primarily matters for the trier of fact to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997).

An appellate court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the factfinder lost its way in arriving at its verdict. *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510, *4 (Oct. 24, 1997).

{¶ 18} With regard to the claim that Tieya and Demmons presented testimony lacking credibility, Price claims that they had "wildly" contradictory accounts regarding the rearview mirror. Specifically, Price claims Tieya testified that Price was inside the vehicle when she grabbed the rearview mirror and that Tieya later testified that Price was outside the vehicle at the point she grabbed the mirror. Price also notes that Demmons testified that Price was outside the vehicle. Price further contends that Tieya lied about consuming alcohol.

{¶ 19} From our reading of the transcript, we conclude that both Demmons and Tieya testified that Price was outside of the vehicle when she reached over Tieya and grabbed the rearview mirror. We find no support for the claim that Tieya also testified that Price was inside the car when she grabbed the mirror. Further, the record shows that, while Tieya denied using alcohol prior to the altercation, she did admit to having a couple of drinks after Price left the scene. Further, both Tieya and Demmons testified that Price hit Tieya in the face both with the mirror and her fists. They also testified that Price was the sole aggressor in the incident. The testimony of the police, as well as the pictures entered into the record, support the claim that Tieya had been hit in the face and

suffered injury.[3]   Based upon our review of the record, we find no actual discrepancy in this testimony and we cannot conclude that Tieya lied about her alcohol use.   Nor can we agree with Price that this testimony was so inherently lacking in credibility as to render her conviction against the manifest weight of the evidence.

{¶ 20} Any disputes regarding the facts presented at trial were for the trial court to resolve.   We cannot say that the trial court's decision to give more credence to the testimony of Tieya and Demmons demonstrated a circumstance where the trial court, as the trier of fact, clearly lost its way so that a miscarriage of justice occurred.   Because the trial court's resolution of this conflict was not against the manifest weight of the evidence, the conviction was supported by sufficient evidence.   The trial court, accordingly, did not err by rejecting Price's claim of self-defense and finding her guilty of the offense of domestic violence.

{¶ 21} Accordingly, all of Price's assignments of error are overruled.

### III.   Conclusion

{¶ 22} All of Price's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

---

[3] There is also evidence in this record upon which the finder of fact could have reasonably concluded that Price and Tieya were family members as defined by R.C. 2919.25(F)(1)(a)(ii).   Specifically, there is evidence that Price had resided in Tieya's home at different times, often for several months at a time, and had a common parent.

Copies sent to:

Troy B. Daniels
Maria L. Rabold
Hon. Christopher D. Roberts