[Cite as *State v. Greenlee*, 2020-Ohio-4764.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28588 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CRB-1835 |
| | : | and 2018-TRC-4467 |
| KIEL T. GREENLEE | : | |
| | : | (Criminal Appeal from Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of October, 2020.

. . . . . . . . . . .

JESSICA R. ANDRESS, Atty. Reg. No. 0097104, Assistant Prosecuting Attorney, Miamisburg Municipal Court, 2233 Miamisburg-Centerville Road, Dayton, Ohio 45459
      Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P.O. Box 291771, 101 Southmoor Circle NW, Kettering, Ohio 45429
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Kiel Greenlee appeals from his conviction for failure to comply and operating a vehicle while under the influence of alcohol. For the reasons that follow, we affirm.

## I.     Facts and Procedural Background

{¶ 2} On October 2, 2018, West Carrollton Police Department Sergeant Jeremy Branham was on patrol in the parking lot of a shopping center when he observed a red Nissan sports car exiting the same lot. Branham also heard a loud scraping noise emanating from the car as it left the lot. Branham pulled behind the Nissan and followed it onto South Alex Road. Branham observed the Nissan run a red light; he attempted a traffic stop, but the Nissan accelerated to an estimated speed of 55 or 60 miles per hour in a residential area with a posted speed limit of 25 miles per hour. Following department policy not to engage in pursuit for traffic violations, Branham did not attempt to keep up with the Nissan. However, he made a radio broadcast regarding the incident, along with a description of the Nissan. Branham described the Nissan as red with a spoiler and chrome tire rims.

{¶ 3} West Carrollton Patrol Officer John Perry, who was on routine patrol on South Alex Road at that time, heard Branham's dispatch. Soon thereafter, Perry observed a red Nissan turn onto South Alex Road from Gibbons Road. He noted the car matched the description provided by Branham. Perry did not activate his lights but attempted to follow the vehicle. Perry was traveling at 40 miles per hour but, at this speed, was not able to keep pace with the Nissan. Perry used his radar gun and clocked the Nissan traveling 69 miles per hour in a 40 mile per hour speed zone. From some distance, Perry

followed the Nissan onto Kimberly Lane; he then observed the Nissan turn onto West Alex Bell Road. At this point, Perry observed a Miami Township cruiser driven by Officer Cory Caldwell begin to follow the Nissan. Perry pulled behind Caldwell's cruiser and the two activated their lights and initiated a traffic stop. After the Nissan came to a stop, Perry and Caldwell approached the Nissan with their guns drawn. When they reached the driver, later identified as Greenlee, Perry handcuffed him and placed him under arrest for felony failure to comply. Perry noted a strong odor of alcohol coming from Greenlee.

{¶ 4} Branham arrived on the scene approximately three minutes after he initially lost sight of the Nissan. He confirmed that Greenlee, who was seated in the rear of Perry's cruiser, was the driver he had previously observed. Branham noted the strong odor of alcohol coming from the rear of the cruiser. He also noted that Greenlee had bloodshot eyes and that his speech was slurred. Branham then informed Greenlee of his *Miranda* rights.

{¶ 5} Greenlee was ultimately charged with the following misdemeanor offenses: failure to comply with the order or signal of a police officer, operating a vehicle while under the influence of alcohol (OVI), willful/wanton operation of a vehicle, failure to obey a traffic signal, and failure to display a front license plate.

{¶ 6} In November 2019, Greenlee filed a motion to suppress evidence in which he alleged the stop of his vehicle and his subsequent arrest were without probable cause. A hearing on the motion was conducted in May 2019, following which the trial court overruled the motion. The matter proceeded to a jury trial on the charges of failure to comply and OVI. The jury found Greenlee guilty of both charges. The remaining charges were tried to the trial judge who found Greenlee guilty as charged. Greenlee

was sentenced accordingly.

{¶ 7} Greenlee now appeals.

## II.     Motion to Suppress

{¶ 8} Greenlee's first assignment of error states as follows:

THE TRIAL COURT ERRED IN OVERRULING MOTION TO SUPPRESS

{¶ 9} Greenlee objects to the trial court's ruling on his motion to suppress as it related to the traffic stop and arrest.

{¶ 10} At the outset, we note that appellate "review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.   In deciding a motion to suppress, "the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility." (Citation omitted.)   *Id.* at ¶ 8.   Thus, a reviewing court "must accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence. * * * Accepting the facts as true, the appellate court then must independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."   *Id.*

{¶ 11} The issue before us is whether the stop and subsequent arrest were constitutionally permissible.

{¶ 12} Greenlee contends that, based upon the information provided by Branham, Perry did not have sufficient information to stop his vehicle.   This dubious argument misses the mark.   Using radar, Perry clocked Greenlee's vehicle travelling 69 miles per hour in a 40 miles per hour speed zone.   Even without more, this provided a

constitutionally permissible basis to make the traffic stop. *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 665 N.E.2d 1091 (1996).

{¶ 13} Turning then to the arrest, within minutes of the stop, Branham arrived at the scene and confirmed Greenlee was the driver who failed to comply with his order to stop. Thus, the failure to comply arrest was supported by probable cause. Greenlee does not suggest a failure of probable cause regarding the OVI arrest. Thus, there is no basis upon this record to conclude that Greenlee's arrest violated the Fourth Amendment.

{¶ 14} The first assignment of error is overruled.

### III. Sufficiency and Manifest Weight of the Evidence

{¶ 15} The second assignment of error asserted by Greenlee states:

THE JURY VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND/OR THE EVIDENCE PRESENTED WAS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE GREENLEE'S GUILT BEYOND A REASONABLE DOUBT.

{¶ 16} Greenlee asserts the State failed to submit evidence sufficient to prove he committed the offenses of OVI and failure to comply and that his convictions were against the manifest weight of the evidence.

{¶ 17} A sufficiency of the evidence analysis focuses upon whether the prosecution presented adequate evidence, viewing such evidence in the light most favorable to the prosecution, to sustain the verdict. *State v. Radford*, 2d Dist. Clark No. 2016-CA-80, 2017-Ohio-8189, ¶ 14. The prosecution has presented sufficient evidence

when "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.,* quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d (1991), paragraph two of the syllabus.

{¶ 18} A manifest weight analysis, in contrast, requires an appellate court to review the record, weigh the evidence and any reasonable inferences allowed by the evidence, consider witness credibility, and determine whether the trier of fact, in resolving any evidentiary conflicts, "clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at ¶ 15. This consideration of the evidence must be exercised with caution so that a new trial will only be granted "in the exceptional case in which the evidence weighs heavily against the conviction." *Id.,* quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Though different legal concepts are involved, if it is concluded that a verdict is supported by the manifest weight of the evidence, the evidence, by necessity, is legally sufficient. *Id.* at ¶ 16.

{¶ 19} Greenlee's argument is based upon Branham's failure to broadcast a description of the driver of the Nissan which, according to Greenlee, forces the conclusion "that Sgt. Branham's identification of Greenlee was based upon his identification at the scene of the stop rather than his initial observation of the driver of a red Nissan, two door – which was not the same vehicle stopped by Officers Perry and Caldwell." We disagree.

{¶ 20} Greenlee suggests that Branham did not observe him until the stop had been effectuated. In support, Greenlee testified that the windows of his Nissan were tinted to the extent that a person must be close to see inside the vehicle. However, Branham testified he had a clear view of Greenlee during the initial encounter in the

parking lot. He further testified that the person stopped by Perry and Caldwell was the same person he had previously observed.

**{¶ 21}** It was the province of the jury, as the finder of fact, to evaluate witness credibility. In reaching its verdict, the jury was free to believe all, part, or none of the testimony of each witness and to draw reasonable inferences from the evidence presented. *State v. Hunt*, 2d Dist. Darke No. 2018-CA-9, 2019-Ohio-2352, ¶ 24. Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997).

**{¶ 22}** Based upon this record, we conclude there was credible, competent evidence upon which the jury could rely in determining that the car observed by Branham was driven by Greenlee. We conclude that Greenlee's convictions were not against the manifest weight of the evidence. Thus, the convictions were also supported by sufficient evidence. Accordingly, the second assignment of error is overruled.

## IV.    Rebuttal Witness

**{¶ 23}** The third assignment of error is as follows:

THE RECORD DOES NOT REFLECT THAT, UPON A PROPER DISCOVERY REQUEST, THE CITY DISCLOSED TO GREENLEE THE NAME OF A KNOWN REBUTTAL WITNESS IN VIOLATION OF CRIMINAL RULE 16.

**{¶ 24}** Greenlee asserts the prosecutor improperly failed to disclose a witness that

was called in rebuttal following Greenlee's trial testimony. He argues the State violated Crim.R. 16 by failing to provide notice of its intent to call the witness. This argument is without merit.

{¶ 25} The record reveals that much of Greenlee's trial testimony was dedicated to opining on the illegal nature of the stop and arrest. He testified to his knowledge of the law concerning probable cause for a stop and arrest, which he stated was obtained from his years as a military police officer, his time at the police academy, and his training as a paralegal. Greenlee testified he attended a police academy but did not graduate because he failed his shotgun proficiency testing. After the defense rested, the State called West Carrollton Police Sergeant Nathan Biggs as a rebuttal witness. Biggs testified he had known Greenlee since high school. He further that testified Greenlee had told him that he (Greenlee) was expelled from the police academy based upon a domestic violence incident.

{¶ 26} In response to a discovery request, the State has an obligation to disclose witnesses that it "reasonably anticipates calling in rebuttal * * *." Crim.R. 16(I). *See also State v. Howard*, 56 Ohio St.2d 328, 333, 383 N.E.2d 912 (1978). Greenlee's argument is premised upon this obligation, but at trial he did not object to Biggs's testimony. As such, all but plain error has been waived. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1998), paragraph three of the syllabus.

{¶ 27} Since Greenlee did not object and provide a basis to exclude Biggs's testimony in the trial court, he cannot now argue the testimony should have been

excluded. Simply put, on this record, under a plain error analysis, there is no basis for this court to conclude that the State could reasonably have anticipated the need to call Biggs as a rebuttal witness.

{¶ 28} The third assignment of error is overruled.

## V. Conclusion

{¶ 29} All of Greenlee's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Jessica R. Andress
J. David Turner
Hon. Robert W. Rettich, III