[Cite as *State v. Broadus*, 2021-Ohio-19.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO                         :
                                      :
    Plaintiff-Appellee            :       Appellate Case No. 28650
                                      :
v.                                    :       Trial Court Case No. 2018-CRB-7067
                                      :
CARLOS BROADUS                        :       (Criminal Appeal from Municipal Court)
                                      :
    Defendant-Appellant           :
                                      :

· · · · · · · · · · ·

O P I N I O N

Rendered on the 8th day of January, 2021.

· · · · · · · · · · ·

STEPHANIE L. COOK, Atty. Reg. No. 0067101 and ANDREW D. SEXTON, Atty. Reg. No. 0070892, Assistant City of Dayton Prosecuting Attorneys, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorneys for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, 101 Southmoor Circle NW, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

· · · · · · · · · · · ·

TUCKER, P.J.

**{¶ 1}** Following a bench trial in the Dayton Municipal Court, appellant, Carlos Broadus, was convicted of violating a protection order. The conviction was not against the manifest weight of the evidence or supported by insufficient evidence, as Broadus argues. Thus, Broadus's conviction will be affirmed.

## Facts and Procedural History

**{¶ 2}** In August 2018, T.M. obtained a domestic violence civil protection order (CPO) against Broadus. The CPO, which has now expired, required Broadus, among other things, to stay 500 feet from T.M. and not to have contact with T.M. at her home. The criminal complaint against Broadus asserted that, on November 7, 2018, Broadus violated the CPO and, by so doing, committed the offense of violating a protection order in violation of R.C. 2919.27(A)(1), a first degree misdemeanor.

**{¶ 3}** A bench trial was held conducted on September 25, 2019. A Montgomery County Sheriff's Deputy testified to his service of the CPO upon Broadus. During his testimony, Broadus also acknowledged he was served with the CPO and that he knew he was prohibited from being at T.M.'s home.

**{¶ 4}** With respect to the events of November 7, 2018, T.M. testified that she was alerted to Broadus's presence by her then 11-year old daughter, H.M., whereupon T.M. went downstairs, looked out a window, and observed that Broadus was "walking from my door * * * I guess to get into his car." T.M. testified that she instructed another daughter, A.B.H., to call 9-1-1, and that she and her four daughters then left the home and went to a neighbor's house. Thereafter, T.M. and her daughters went to scheduled dental appointments. T.M. testified that a Dayton police officer responded to the dental office and took her report.

{¶ 5} H.M. testified that, when she heard someone knocking on the door, she looked out a window and observed Broadus. H.M. then ran upstairs and alerted her mother to Broadus's presence.

{¶ 6} A.B.H. testified that she also observed Broadus outside the home. But, contrary to T.M.'s testimony, A.B.H. did not remember calling 9-1-1 at her mother's request.

{¶ 7} Broadus testified as well. He denied that he was at T.M.'s home on November 7, 2018, in violation of the CPO.

{¶ 8} The trial court found Broadus guilty, and he was sentenced accordingly. This appeal followed.

### Analysis

{¶ 9} Broadus's sole assignment of error is as follows:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND APPELLANT GUILTY, AS THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AS THE EVIDENCE PRESENTED WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE THE APPELLANT'S GUILT BEYOND A REASONABLE DOUBT.

{¶ 10} A sufficiency of the evidence analysis focuses upon whether the prosecution presented adequate evidence to sustain the verdict, viewing such evidence in the light most favorable to the prosecution. *State v. Radford*, 2d Dist. Clark No. 2016-CA-80, 2017-Ohio-8189, ¶ 14. The prosecution has presented sufficient evidence when "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d

(1991), paragraph two of the syllabus.

{¶ 11} A manifest weight analysis, in contrast, requires an appellate court to review the record, weigh the evidence and any reasonable inferences allowed by the evidence, consider witness credibility, and determine whether the trier of fact, in resolving any evidentiary conflicts, "clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at ¶ 15. This consideration of the evidence must be exercised with caution so that a new trial will only be granted "in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Though different legal concepts are involved, if a verdict is supported by the manifest weight of the evidence, the evidence, by necessity, is legally sufficient. *Id.* at ¶ 16.

{¶ 12} Although Broadus's assignment of error states that the evidence was not sufficient to support the conviction, his argument in support of the assigned error is a manifest weight argument. Since a verdict supported by the weight of the evidence is, by necessity, supported by sufficient evidence, our analysis will focus upon whether the verdict was against the weight of the evidence. Broadus's argument asserts that there were "several key differences between the three versions" of events presented by the State, and that the differences were "so stark that it is impossible to find any [witness] credible." We disagree.

{¶ 13} The first difference pointed out by Broadus is that, according to T.M., H.M. yelled that Broadus was attempting to gain entry into the home, but H.M.'s testimony did not include this detail. The second difference is that T.M. testified that she and her daughters left their home, went to a neighbor's house, and then went to the dental office.

In contrast, H.M. did not mention the trip to the neighbor's house. The third difference is that T.M. testified she instructed A.B.H. to call 9-1-1, but A.B.H. did not recall this instruction or making a 9-1-1 call.

**{¶ 14}** At the sentencing hearing, the trial court acknowledged that "inconsistenc[ies]" existed, but noted that "some memory issues" are expected when evaluating a child's testimony. Though not mentioned by the trial court, this is particularly understandable when the events at issue and the trial testimony were separated by more than ten months. Quite obviously, and despite the inconsistencies, the trial court, determined beyond a reasonable doubt that on November 7, 2018, Broadus went to T.M.'s home in violation of the CPO. Based upon this record, we cannot conclude that the trial court lost its way or that it created a miscarriage of justice requiring a new trial. In short, Broadus's conviction was not against the manifest weight of the evidence, and, as such, it was supported by sufficient evidence. Broadus's sole assignment of error is overruled.

## Conclusion

**{¶ 15}** The judgment of the Dayton Municipal Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Stephanie L. Cook
Andrew D. Sexton
Jeffrey T. Gramza
Hon. Christopher D. Roberts